John C. YOCUM, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 379,2000.

Supreme Court of Delaware.

Submitted: June 13, 2001.
Decided: July 31, 2001.

Timothy G. Willard, Esquire, Fuqua and Yori, P.A., Georgetown, Delaware, for Appellant.

John Williams, Esquire, Deputy Attorney General, Department of Justice, Dover, Delaware, for Appellee.

Before VEASEY, Chief Justice, WALSH, HOLLAND, BERGER, and STEELE, Justices, constituting the Court *En Banc*.

WALSH, Justice.

In this appeal from the Superior Court, the appellant contends that his convictions for aggravated menacing and related weapons charges should be reversed because the trial judge erroneously refused to instruct the jury on the defense of justification for the protection of personal property pursuant to 11 *Del. C.* § 466(a)(3). We conclude that, under the facts of this case, where the theft of appellant's property had already occurred, a threatening display of a handgun was not justified. Accordingly, we affirm.

## I

The events underlying the charges against the appellant, John C. Yocum ("Yocum"), occurred at his home outside Bridgeville, Delaware, on July 29, 1999. Yocum was visited by Rae Carpenter (a female with whom he had once had a relationship) who arrived by car in the company of two juveniles. Carpenter and one of the juveniles entered the house and Carpenter spoke to Yocum. Earlier that day, Yocum had secured $2,000 in cash from a bank and the money was stacked on a living room coffee table. Apparently, the pile of cash had become somewhat scattered because of a blowing fan and Carpenter proceeded to straighten the bills on the table. Carpenter then left the premises, rejoined the juveniles outside the home and began a conversation with Brent Webb, a friend of Yocum's, who had just arrived.

Yocum, apparently believing that Carpenter had taken a $50 bill from the stack of money, ran from the house waving a handgun and yelling that someone was going to die if the money was not returned. Carpenter agreed to return to the house to look for the money but, after a search of the living room and bathroom, the money was not found. Carpenter refused a search of her person until Yocum pointed the gun at her. Webb then searched and sexually grabbled Carpenter under her clothing, finding nothing. Yocum, still holding the gun, then proceeded outside and searched the car in which Carpenter had arrived. The $50 was never found. After his arrest, Yocum denied having a gun. The police, however, found a gun in a kitchen cabinet in his home.

## II

Yocum was indicted on three counts of aggravated menacing, three related counts of possession of a firearm during the commission of a felony, conspiracy second degree, and terroristic threatening. Prior to trial, Yocum filed a motion *in limine* requesting the Superior Court to permit the defendant to rely on, and submit to the jury, the defense of justification under 11 *Del. C.* § 466, *i.e.*, that the defendant was justified in brandishing a firearm to prevent the theft of his property. The Superior Court ruled that the defense was not available under the assumed facts because the theft was complete at the time Yocum engaged in the menacing with the use of his weapon. Yocum proceeded to trial at which the State presented evidence in support of the indicted charges. Yocum did

not testify. He was convicted of all charges and sentenced. This appeal followed.

### III

The standard of review for the denial of a defense-requested jury instruction on the availability of the defense of justification is plenary or *de novo*. *See Lunnon v. State*, Del.Supr., 710 A.2d 197, 199 (1998). The question posed is whether, where a theft has occurred, the owner of the property is permitted to attempt recovery of the property through the use of force under 11 *Del. C.* § 466(a)(3), which provides:

> (a) The use of force upon or toward the person of another is justifiable when the defendant believes that the force is immediately necessary:

> \* \* \*

> (3) To prevent theft, criminal mischief or any trespassory taking of tangible, movable property in the defendant's possession or in the possession of another person for whose protection the defendant acts.

Yocum argues that, even though he thought Carpenter already had possession of his property, he was justified in using deadly force because he subjectively believed that Carpenter was still "in the process of stealing his property." But as the trial judge ruled in precluding use of the defense, the use of force in the protection of property does not extend to efforts to retrieve the property after the theft is accomplished. While the statute focuses on the subjective belief of the defendant, that belief in the use of force cannot extend to situations beyond prevention of criminal acts directed to property. To hold otherwise would sanction a form of vigilantism in which a property owner could employ force in pursuing a suspected thief or trespasser. In this respect, the Delaware statute differs from the Model Penal Code provision which permits "fresh pursuit" of a thief. *Model Penal Code* § 3.06(1)(b)(1974). Our reading of the statute is consistent with similar interpretations of property justification provisions in other jurisdictions that refuse to extend the defense to efforts to retrieve or recover property after it has been stolen. *See, e.g., Stafford v. State*, Ind.Supr., 549 N.E.2d 377, 378–79 (1990); *State v. Nelson*, Iowa Supr., 329 N.W.2d 643, 646–47 (1983).

This case aptly illustrates the risk that a broad reading of the statute could lead individuals to engage in a dangerous form of self help. Carpenter and her companions were already out of the house where the theft allegedly occurred and were in the act of leaving when the defendant ran out, brandishing a gun and making threats to kill. In forcing these individuals to remain and be searched, the defendant was restraining their liberty and subjecting them to personal indignities. This conduct could have been avoided if the defendant had sought the assistance of law enforcement personnel whose role it is to pursue and/or investigate alleged wrongdoing. The defendant never observed a theft in progress and his actions in restraining and searching Carpenter were based entirely on suspicion—a suspicion that proved unwarranted. These circumstances clearly did not support the giving of an instruction under 11 *Del. C.* § 466(a)(3).

The judgment of the Superior Court is AFFIRMED.