Carlos **GUTIERREZ**, Defendant Below, Appellant,

v.

**STATE of Delaware**, Plaintiff Below, Appellee.

No. 126,2003.

Supreme Court of Delaware.

Submitted: Aug. 5, 2003.
Decided: Sept. 25, 2003.
Reissued: Feb. 25, 2004 [1].

1. This Opinion is being substituted for the Order of this Court issued September 26, 2003, *Gutierrez v. State*, No. 126, 2003 (Del. Sept. 26, 2003) (ORDER).

Robert M. Goff, Jr., Esquire, Office of the Public Defender, Wilmington, Delaware, for Appellant.

John Williams, Esquire, Department of Justice, Dover, Delaware, for Appellee.

Before VEASEY, Chief Justice, HOLLAND and BERGER, Justices.

VEASEY, Chief Justice.

In this appeal we consider the quantum of evidence that is sufficient to require that a trial court grant a defendant's request for a jury instruction on self-defense. We conclude that a defendant has submitted sufficient evidence to satisfy the credible evidence threshold for a self-defense instruction if the defendant's rendition of events, if taken as true, would entitle him to the instruction. Therefore, we reverse the Superior Court's judgment.

### Facts

On May 16, 2002, a correctional officer escorted Carlos Gutierrez, an inmate at the Delaware Department of Correction, to an interview room for a preliminary hearing on an alleged disciplinary violation. Correctional officer Lieutenant Seacord conducted the hearing. According to the State, when Seacord confronted Gutierrez with the institutional disciplinary charge against him, Gutierrez became agitated, balled up the disciplinary "writeup" sheet, and threw the paper on the floor. As Seacord attempted to pick up the paper, Gutierrez punched Seacord several times.

Three correctional officers standing outside the office witnessed the altercation and rushed into the office to restrain Gutierrez. Seacord sustained injuries, including a fractured rib.

Gutierrez was indicted for Assault in a Detention Facility.[2] At trial, Gutierrez testified that he punched Seacord only after Seacord stabbed Gutierrez' hand with a pen. The three other correctional officers who witnessed the assault did not see Seacord stab Gutierrez. Gutierrez was sent to a physician assistant at the correctional facility shortly after the assault, and the physician assistant testified that Gutierrez did not sustain any injury to his hands. Following the jury trial, he was convicted of the lesser-included offense of Assault Third Degree.[3] He was sentenced to six months' imprisonment at Level V to be served consecutively to the life sentence he has been serving since 1985. Gutierrez appeals from the judgment of conviction.

### Issue on Appeal

■ In the Superior Court, Gutierrez requested a jury instruction for a justification defense. Given the conflicting testimony of the other eyewitnesses and the physician assistant, the trial court denied the request for the instruction, holding that Gutierrez had not presented "credible" evidence to support his theory of self-defense. Gutierrez challenges the Superior Court's denial of his request for the justification instruction. This Court reviews de novo the Superior Court's denial of a requested jury instruction.[4]

### Merits

This case concerns the quantum of evidence sufficient to warrant a jury instruc-

---

2. DEL. CODE ANN. tit. 11, § 1254 (2001).

3. *Id.* § 611.

4. *Lunnon v. State,* 710 A.2d 197, 199 (Del. 1998).

tion on self-defense. Gutierrez was entitled to such an instruction if he could have proven that his use of force was justified because he believed the "force [was] immediately necessary for the purpose of protecting [himself] against the use of unlawful force" by Seacord.[5] Gutierrez could introduce this defense to the jury only if "the court [was] satisfied that some credible evidence supporting the defense has been presented." [6]

Because Gutierrez' testimony was not corroborated by other evidence in the record and conflicted with the testimony of all the other witnesses, the State contends that the trial court properly rejected the defense as not supported by "credible evidence." The State relies on this Court's decision in *Curry v. State*,[7] in which the Court held that a defendant did not present sufficient evidence to support a self-defense instruction in a first-degree robbery case. In *Curry*, the defendant bit the victim after the victim caught the defendant stealing tools from the victim's van. When the victim caught the robber attempting to steal the tools, the victim knocked the robber to the ground and held his arms around the robber's chest. The robber contended at trial that he could not breathe because the victim's arms covered his mouth. Thus, the robber argued, he was justified in biting the victim and requested a jury instruction on self-defense. This Court held that the victim's alleged conduct did not present a threat of "deadly force" that was necessary for the requested jury instruction.[8] Even assuming the victim placed his elbows over the defendant's mouth, the ten seconds of purported "suffocation" did not constitute a credible threat of deadly force.[9]

■ Gutierrez' claim differs from the requested instruction in *Curry* because if Gutierrez' version of the facts is true, he was entitled to a self-defense instruction. We hold that the evidence presented by a defendant seeking a self-defense instruction is "credible" for purposes of Title 11, Section 303(a) if the defendant's rendition of events, *if taken as true*, would entitle him to the instruction.

■ Our holding recognizes the differing roles of judge and jury in a jury trial. As arbiter of the law, the judge should consider the evidence and determine whether, if the jury believes it, the evidence could support the legal conclusion that the defendant acted in self-defense.[10] In other words, and in the context of this case, the judge would determine whether Gutierrez' evidence that Seacord stabbed him with a pen described a scenario in which Gutierrez would have been justified in using force to defend himself. If it did, the judge should submit the evidence to the jury, with a self-defense instruction, to act as the fact finder and decide which evidence should be believed.[11]

5. Del. Code Ann. tit. 11, § 464(a).

6. *Id.* § 303(a).

7. No. 445, 1996, 1997 WL 664689, 1997 Del. LEXIS 370 (Del. Oct. 22, 1997) (ORDER).

8. *Id.* at *1, 1997 Del. LEXIS at *2–3.

9. *Id.* at *1, 1997 Del. LEXIS at *4.

10. *Cf. Capital Mgmt. Co. v. Brown*, 813 A.2d 1094, 1099 (Del.2002) (noting that Article IV, Section 19 of the Delaware Constitution was adopted "to ensure that judges confined themselves to making determinations of law and leaving juries to determine the facts").

11. *See Eaton v. State*, No. 300, 1999, 2000 WL 628330, 2000 Del. LEXIS 179 (Del. Apr. 28, 2000) (ORDER) ("[I]t is the role of the jury, not the trial judge, to assess witness credibility.").

■ This distribution of authority between the judge and the jury does not contravene Section 303(a). "Credible" can be defined as *"[c]apable of being believed."*[12] Under this definition, the judge's role as gate keeper is to ensure (1) that the affirmative defense evidence describes a situation that is within the realm of possibility, and (2) that such situation would legally satisfy the requirements of self-defense. Once the judge determines that the evidence is "credible" in the sense of being possible, he or she should submit to the jury the question of which version of the facts is more believable and supported by the evidence as a whole.

Appellate courts in other jurisdictions have similarly held that a credible evidence standard required a jury instruction on an affirmative defense even where the defendant's affirmative defense evidence was not very believable. For example, in *People v. Garcia* the Colorado Court of Appeals held: "If there is credible evidence supporting an affirmative defense, the court must instruct the jury on the defense even if the supporting evidence consists of highly improbable testimony by the defendant."[13] Similarly, the Supreme Court of Mississippi has held that in deciding whether a defendant has presented credible evidence of self-defense the judge must view the evidence in the light most favorable to the defendant:

> [W]hether the self-defense issue—or any other issue of fact—should be submitted to the jury ultimately turns on whether there is in the record credible evidence supporting it. Where a party offers evidence sufficient that a rational jury might find for him on the particular issue, that party of right is entitled to have the court instruct the jury on that issue and through this means submit the issue to the jury for decision. The instruction may be denied only if the trial court can say, *taking the evidence in the light most favorable to the accused, and considering all reasonable favorable inferences that may be drawn from the evidence in favor of the accused,* that no hypothetical reasonable jury could find the fact as the accused suggests.[14]

■ Gutierrez was entitled to the self-defense instruction. He was not required to prove that the alleged stabbing constituted a threat of "deadly force." He was entitled to receive a self-defense instruction if the corrections officer threatened to use "unlawful force."[15] Gutierrez' testimony presented a plausible version of the events, and if taken as true entitled him to a self-defense instruction. Whether Gutierrez' version of the facts was more cred-

---

12. THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 341 (unabridged ed.1966) (emphasis added).

13. 1 P.3d 214, 221 (Colo.Ct.App.1999) (citing *Lybarger v. People,* 807 P.2d 570, 579 (Colo.1991)). A Colorado statute requires the defendant to present "some credible evidence" in order to create the issue of an affirmative defense. *See People v. Hill,* 934 P.2d 821, 826 (Colo.1997). The Illinois Supreme Court has stated a similar standard for the quantum of evidence that will support a self-defense instruction. *See People v. Everette,* 141 Ill.2d 147, 152 Ill.Dec. 377, 565 N.E.2d 1295, 1299 (Ill.1990) (observing that "a homicide defen-

dant is entitled to an instruction on self-defense where there is some evidence in the record which, *if believed by a jury,* would support the defense" (emphasis added)).

14. *Anderson v. State,* 571 So.2d 961, 964 (Miss.1990) (emphasis added).

15. *See* DEL. CODE ANN. tit. 11, § 464(a) ("The use of force upon or toward another person is justifiable when the defendant believes that such force is immediately necessary for the purpose of protecting the defendant against the use of unlawful force by the other person on the present occasion.").

ible than the other evidence presented should have been determined by the jury.

### Conclusion

Accordingly, the judgment of the Superior Court is REVERSED.