Dean CARTER, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 466,2004.

Supreme Court of Delaware.

Submitted: April 13, 2005.
Decided: May 13, 2005.

Bernard O'Donnell, Esq., (argued), Office of the Public Defender, Wilmington, Delaware, for appellant.

Timothy J. Donovan, Jr., Esq., (argued), Department of Justice, Wilmington, Delaware, for appellee.

Before BERGER, JACOBS, and
RIDGELY, Justices.

RIDGELY, Justice.

The defendant-appellant, Dean Carter, appeals from his convictions in the Superior Court of possession of a firearm during the commission of a felony, possession of a weapon and of ammunition by a person prohibited and other drug offenses. Carter urges this Court to reverse his convictions and remand the matter for a new trial upon two grounds. He first argues that the trial court erred by failing to provide the jury with a "mere presence" instruction after the trial court previously agreed that such an instruction would be given and after defense counsel argued to the jury in his closing summations that a "mere presence" instruction would be given. He next contends that the trial court erred by including irrelevant and extraneous language in its written jury instructions, which permitted the jury to infer incorrectly that he was prohibited from possessing a deadly weapon and ammunition because he had been convicted of a felony or a crime of violence involving physical injury. It is undisputed that he did not have either a felony record or a record for any crime of violence.

We conclude that a "mere presence" jury instruction was not required in this case. However, we have determined that, although it was inadvertent, the trial court erred by including in its written jury instruction language allowing the jury to wrongly infer that Carter previously had committed a felony or crime of violence. Because we are unable to conclude that this error was harmless beyond a reasonable doubt, a new trial is required. Accordingly, we affirm in part, reverse in part and remand for a new trial.

1. DEL. CODE ANN. tit. 11, § 1448(a)(3) (2005).

## I.

The facts of this case are brief and straightforward. In the early morning hours of September 16, 2003, the police executed a search warrant on a house located in Wilmington, Delaware. Thereafter, the police arrested two residents located therein on outstanding warrants. The police also located a bedroom in the basement of the house, the door of which was locked. The police could smell an odor of marijuana emanating from that room. The interior light of the room was also being turned off and on. Carter was on probation and was the only person in the room. After he let the police in, an administrative search of the bedroom revealed a handgun, ammunition and a shoebox containing marijuana. Carter was on probation, and was prohibited from possessing a deadly weapon and ammunition because he had previously been convicted of the misdemeanor offense of possession of marijuana.[1]

At trial the State and Carter stipulated that he was prohibited from possessing a deadly weapon and ammunition. The trial court gave an oral jury instruction consistent with this stipulation. Carter was convicted by a jury on the charges of possession of a firearm during the commission of a felony, possession of a deadly weapon and ammunition by a person prohibited and other drug charges. After the trial it was discovered that the written jury charge disclosed that a person is prohibited from possessing ammunition if he has a prior conviction for a felony or a crime of violence, involving physical injury.

Carter moved for a judgment of acquittal and for a new trial but the trial court denied those motions. The trial court then sentenced Carter to a mandatory three

years at Level V on the possession of a deadly weapon during the commission of a felony offense followed by probation on the remaining convictions. This appeal followed.

## II.

█ Carter's first argument is that the trial court erred by failing to give a "mere presence" instruction to the jury. He does not quarrel with the fact that the oral jury instructions, as a whole, were correct statements of law defining the charged offenses. Rather, he takes issue with the fact that his counsel argued to the jury that "mere presence" at the crime scene, standing alone, was insufficient evidence of guilt. Defense counsel made this argument after the trial judge initially agreed to deliver a "mere presence" jury instruction, but ultimately did not do so either because a pattern instruction was not provided by counsel or because it was otherwise unavailable. Carter maintains that under these set of circumstances his right to a fair trial was violated because the creditability of his counsel was diminished in front of the jury. Based upon the record before us, we find no merit to this argument.

█ The decision to give a particular jury instruction lies within the sound discretion of the trial court, and will not be reversed absent an abuse of that discretion.[2] We find no abuse of discretion regarding the absence of a "mere presence" jury instruction because it was not required in light of the totality of the circum-

stances in this case. Here, the jury instruction given clearly indicated that more than Carter's "mere presence" in the bedroom was required to be shown in order to prove Carter's guilt for the offenses charged.[3] Although the trial court's instruction did not exactly match the language requested by defense counsel, it did comport with defense counsel's closing summation. We are not persuaded that defense counsel suffered a loss of credibility before the jury when the substance of the jury instructions given conveyed that more than Carter's "mere presence" in the bedroom was required for a conviction.[4]

## III.

█ Written jury instructions were provided to the jury for its use during deliberations.[5] Carter argues that the trial court erred by including in its written jury instruction for the charge of possession of ammunition by a person prohibited the language concerning the statutory elements of that offense.[6] We review this inclusion for abuse of discretion.

Prior to trial, the parties stipulated that Carter was a person prohibited. The trial court gave a verbal instruction consistent with this stipulation. However, the trial court's written charge given to the jury informed the jury that a person prohibited is "[a]ny person having been convicted in this State or elsewhere of a felony or a crime of violence involving physical injury to another ...."[7] Carter maintains that the inclusion of this language prejudiced

**2.** *Sheeran v. State*, 526 A.2d 886, 893 (Del. 1987).

**3.** Transcript of Jury Instructions on May 14, 2004 at 19–20.

**4.** *Manlove v. State*, 2005 WL 277929, at *1, 2005 Del. LEXIS 30, at *3 (Order).

**5.** Del. Super. Ct. Cr. R 30. This rule provides, in pertinent part that, "[i]n capital cases the court shall, and in other cases the court may, give the jury a copy of the instructions for use during deliberations."

**6.** Del. Code Ann. tit. 11, § 1448(a)(1) (2005).

**7.** *Id.*

his right to a fair trial because the jury had been told that it had been stipulated that he was a prohibited person and the instruction in effect disclosed that the stipulation was reached because he had previously committed a felony or crime of violence involving physical injury.

It is undisputed that in this case the trial court inadvertently gave irrelevant information in the written jury charge. Unfortunately, this information permitted the jury to conclude that Carter had a prior felony or violent crime conviction when that in fact was not so. We have emphasized before that the fairness and integrity of the judicial process "make it imperative that jurors secure information about the case only as a corporate body in the courtroom."[8] The danger of unfair prejudice is magnified when extraneous information allows for a false inference during deliberations that Carter previously has been convicted of a felony or a crime of violence.

The outcome of the weapons charges here turned on whether the State could prove beyond a reasonable doubt that Carter knowingly possessed the firearm and the ammunition seized. The defense disputed knowledge of the weapon and ammunition being in the room. The incorrect information provided to the jury that Carter had a history of violent criminal activity created an unacceptable risk that incorrect information was improperly used to determine whether Carter knowingly possessed the firearm and ammunition. Given the nature of this contested issue, we cannot find that the error in the written instructions was harmless beyond a reasonable doubt.[9]

**8.** *Smith v. State,* 317 A.2d 20, 23 (Del.1974).

**9.** *Van Arsdall v. State,* 524 A.2d 3, 11 (Del. 1987) (quoting *Chapman v. California,* 386

## IV.

We affirm the trial court's decision not to provide a "mere presence" jury instruction. However, Carter was entitled to a trial without incorrect information being provided during deliberations which allowed the jury to infer that Carter previously had been convicted of a felony or a crime of violence involving physical injury. Accordingly, we reverse Carter's convictions and remand this matter for a new trial consistent with this opinion.

U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)).