Ronald T. HANKINS, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 532, 2008.

Supreme Court of Delaware.

Submitted: April 29, 2009.
Decided: July 15, 2009.

Jerome M. Capone (argued) and Peter W. Veith, Wilmington, Delaware for appellant.

Timothy J. Donovan, Jr., Department of Justice, Wilmington, Delaware for appellee.

Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

STEELE, Chief Justice.

A Superior Court jury convicted Ronald T. Hankins of two counts of Murder First Degree. On appeal, Hankins argues that the trial judge incorrectly instructed the jury by refusing to link his instruction on Extreme Emotional Distress to the instruction on Murder First Degree. Because the trial judge properly instructed the jury, the judgments of the Superior Court are **AFFIRMED.**

### FACTS AND PROCEDURAL HISTORY

On March 30, 2006, Hankins woke up next to Carolyn Seeney at her house. The two had been engaged in an active sexual relationship for at least seven months. When Hankins arrived at his temp job site on March 30, 2006, he was told that there was no work available that day. He re-

turned to Seeney's house. Within the two hours it took Hankins to walk to and from his job site that morning, Seeney arranged to spend part of the day with Vince Coleman—her intermittent paramour. Hankins and Coleman knew each other. Hankins also knew that Seeney and Coleman had a sexual relationship. He had previously asked Seeney to terminate that relationship, but she refused.

Once Coleman arrived at Seeney's house, Seeney kissed Hankins goodbye and left with Coleman and Coleman's sister, Kim Coleman. After dropping Kim Coleman off at a friend's house, Seeney and Coleman drove to Coleman's house where they watched a movie and had sexual intercourse. Hankins contacted Seeney's cell phone several times to ask her to return. She told him that she would return when she wanted.

Eventually Coleman and Seeney picked up Kim Coleman. They bought food at the McDonald's Drive Thru down the street from Seeney's house. When Coleman, Seeney, and Kim Coleman returned to Seeney's house, Coleman parked his van next to the curb outside Seeney's house so they could eat their food in the van. Hankins came outside and walked around to the driver's side of the car where Coleman was sitting. Hankins asked Coleman why he did not permit Seeney to return home. According to Seeney, Coleman's response was "nonchalant," like he did not care. At this time, Kim Coleman got out of the car and began cursing loudly at Hankins. Hankins pulled a gun from his waistband and shot through Coleman's driver's window killing Coleman. Hankins then shot and killed Kim Coleman.

Hankins fled to North Carolina where police arrested him on April 27, 2006. Delaware indicted him on two counts of Murder First Degree. The State chose to seek the death penalty. At trial, Hankins maintained that he acted under Extreme Emotional Distress and, as a result, the jury should find him guilty of Manslaughter and not Murder First Degree. Hankins requested a jury instruction on Extreme Emotional Distress. While the trial judge instructed the jury on Emotional Distress, he refused to charge in the form Hankins requested. The jury convicted Hankins on both counts of Murder First and, after the penalty phase, the trial judge sentenced him to life imprisonment.[1] The way in which the trial judge instructed the jury is the sole issue on appeal.

## ANALYSIS

Initially, the parties disagree about the applicable standard of review, particularly the correct interpretation of our recent decision in *Wright v. State*.[2] In *Wright*, we held that "this Court will review *de novo* a refusal to instruct on a defense theory (in any form); and it will review a refusal to give a 'particular' instruction (that is, an instruction is given but not with the exact form, content or language requested) for an abuse of discretion."[3] In *Wright*, the trial judge refused to give an instruction on the defense of accident; we reviewed *de novo* and affirmed because the trial judge correctly concluded that the accident defense was not legally available.[4] Here, because the trial judge instructed the jury on Extreme Emotional Distress, but not in the form requested by Hankins, we review for abuse of discretion.[5]

1. After the penalty phase, the jury recommended that the aggravating factors outweighed the mitigating factors by a 9–3 vote.

2. *Wright v. State*, 953 A.2d 144 (Del.2008).

3. *Id.* at 148.

4. *Id.* at 149.

5. *Id.* at 147–48.

Hankins correctly argues that Extreme Emotional Distress is an affirmative defense to Murder First Degree.[6] Therefore, Hankins asserts that, because Extreme Emotional Distress adds an element to Murder First Degree, it is not a lesser included offense and the jury must be instructed accordingly. Hankins asked the trial judge to link the Extreme Emotional Distress instruction to the Murder First Degree instruction and then to instruct the jury on the lesser included offenses. The trial judge agreed to give the Extreme Emotional Distress instruction, but did so as part of the lesser included offense instructions. Hankins argues that this instruction "invited the jury to consider EED/Manslaughter *only* if the jury has found that the State did not prove all the elements of Murder 1 st degree."

In response, the State relies on the trial judge's entire jury instructions and our decision in *Flamer v. State.*[7] The State correctly asserts that *Flamer* stands for the proposition that a defendant is not entitled to a particular instruction, but has an "unqualified right to a correct statement of the substance of the law."[8] Under *Flamer*, we must review the jury instructions in their entirety and must not consider any one statement in a vacuum.[9] Our focus is "not on whether any special words were used, but whether the instruction correctly stated the law and enabled the jury to perform its duty."[10] The State argues that when viewed in its entirety, the trial judge's instructions clearly establish that if the jury found Hankins guilty of Murder First Degree, then they may go on to consider whether he did so under Extreme Emotional Distress and, as a result, find him guilty of Manslaughter.

Here, the trial judge did not instruct the jury in the particular form that Hankins requested. But viewed in its entirety, the instructions correctly instructed the jury on the affirmative defense of Extreme Emotional Distress. The relevant portion of the trial judge's jury instruction provided:

> Murder First Degree is defined as follows, a person is guilty of Murder in the First Degree when he intentionally causes the death of another person. In order to find the defendant guilty of Murder First Degree charged in Counts I and III, you must find that the following elements have been established beyond a reasonable doubt.
>
> . . . .
>
> If, Ladies and gentlemen, after considering all of the evidence you find that the State has established beyond a reasonable doubt that the defendant acted in such a manner as to satisfy all of the elements which I have just stated at or about the date and place stated in the indictment, you should find the defendant guilty of Murder First Degree as set forth in Count I and/or Count III of the indictment. If you do not so find or if you have a reasonable doubt as to the guilt of the defendant as to the offence charged in Count I and/or Count III, then you must find the defendant not guilty of one or both offence[s] so charged.
>
> A defendant may be convicted of an offense not charged in the indictment, if it is included in an offense charged in

---

6. *See, e.g., Henry v. State,* 805 A.2d 860, 863 n. 7 (Del.2002).

7. *Flamer v. State,* 490 A.2d 104 (Del.1983).

8. *Id.* at 128; *see also Wright v. State,* 953 A.2d 144, 148 (Del.2008).

9. *Flamer,* 490 A.2d at 128.

10. *Miller v. State,* 893 A.2d 937, 949 (Del. 2006) (quoting *Cabrera v. State,* 747 A.2d 543, 545 (Del.2000)).

the indictment. An offense is so included when it is established by proof of the same or less than all of the facts required to establish the commission of the offense charged. Here if you find the State has not established beyond a reasonable doubt that the defendant acted in a manner as to satisfy all the elements of Murder First Degree or if you have reasonable doubt as to any element of this offense, you must find the defendant not guilty of Murder First, and go on to consider the lesser included offense of Murder Second Degree, or the lesser included offense of Manslaughter, depending upon the circumstances. I will explain.

As I just told you, a person is guilty of Murder First Degree when he intentionally causes the death of another person. However, if the defendant intentionally caused the death of another person under the influence of extreme emotional distress, the crime of Murder First Degree becomes the lesser included offense of Manslaughter. I will define Manslaughter and Extreme Emotional Distress for you shortly. Alternatively, if a defendant recklessly causes death of another, the crime of Murder First Degree becomes lesser included offense of Murder Second Degree.

. . . .

As to Count I, if you find the defendant intentionally caused the death of Vincent Coleman but acted under the influence of Extreme Emotional Distress, you must find the defendant not guilty of the crime of Murder First Degree, and guilty of the lesser included offense of Manslaughter, assuming the State has proved each element of that offense.

. . . .

As to Count III, if you find that the defendant intentionally caused the death of Kim Coleman, but acted under the influence of Extreme Emotional Distress, you must find the defendant not guilty of the crime of Murder First Degree, and guilty of the lesser included offense of Manslaughter, assuming the State has proved each element of that offense beyond a reasonable doubt.

 The trial judge did not abuse his discretion when he gave these instructions. When one reads the instructions as a whole, the trial judge properly instructed the jury. The trial judge instructed the jury that if they were to find Hankins guilty of Murder First Degree but also find that he acted under Extreme Emotional Distress, then they must find him guilty of Manslaughter. "While 'some inaccuracies and inaptness in statement are to be expected in any charge,' this Court will reverse if the alleged deficiency in the jury instructions 'undermined . . . the jury's ability to intelligently perform its duty in returning a verdict.' "[11] "A trial court's jury instructions are not a ground for reversal if they are reasonably informative and not misleading when judged by common practices and standards of verbal communication."[12] Here, the trial judge's instructions were reasonably informative, not misleading, and allowed the jury to perform its duty intelligently in returning a verdict.

### CONCLUSION

For the foregoing reasons, the judgments of the Superior Court are **AFFIRMED**.

**11.** *Flamer,* 490 A.2d at 128 (internal citations omitted).

**12.** *Burrell v. State,* 953 A.2d 957, 963 (Del. 2008).