**Michael PARKER, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

No. 80, 2009.

Supreme Court of Delaware.

Submitted: Sept. 2, 2009.
Decided: Sept. 28, 2009.

---

552

Bernard J. O'Donnell, Office of Public Defender, Wilmington, Delaware, for appellant.

James T. Wakley and Kevin M. Carroll, Department of Justice, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

STEELE, Chief Justice.

The Defendant, Michael Parker, appeals from a Superior Court judgment of conviction of Second–Degree Robbery.[1] Parker contends and the State concedes that the trial judge erred when he refused to instruct the jury on offensive touching as a lesser-included offense of second-degree robbery, an instruction the defense requested. Because our case law makes it clear that offensive touching is a lesser-included offense of robbery, we REVERSE and REMAND for a new trial.

### Factual and Procedural History

Angel Rodriguez testified that on April 29, 2008 between 6:10 A.M. and 6:15 A.M., he drove to a convenience store at 4th and Delamore Streets to buy lunchmeat for his children. Before he entered the store, a man (later identified as Parker) asked him for a cigarette. Rodriguez told the man that he did not have any cigarettes and continued walking into the store.

When he left the convenience store, the same man confronted him and demanded his money. Rodriguez testified that the

1. Parker was indicted and acquitted of conspiracy in the second degree.

man told him that he would "knock him out" if he did not turn over the money. When Rodriguez tried to leave, a second man grabbed his jacket and the first man struck Rodriguez in the face. Rodriguez testified that his money fell to the ground and he fled to his car and drove away. He stated he saw the two men pick up the money after he fled. Rodriguez called the police and reported that he had been robbed. Later that afternoon, Rodriguez returned to 4th and Delamore Streets, saw Parker and called the police who arrested Parker.

Parker testified that on April 29, 2008, while at his friend's apartment on 5th and Delamore he heard a loud confrontation outside. He left the apartment to find out what was going on. Parker stated that he saw a drug dealer named Jacob arguing with Rodriguez about the size of a piece of crack cocaine. He testified that he knew Rodriguez and had seen him at 4th and Delamore on earlier occasions buying cocaine. Parker told Rodriguez to pay Jacob to prevent any further confusion. In return, Rodriguez started talking to Parker and began to "get in his face." Parker responded that he was not Jacob and struck Rodriguez. Parker testified that as Rodriguez headed to his car, Rodriguez dropped some money and Jacob picked it up.

At trial, Parker requested a jury instruction on the lesser-included offenses, offensive touching and menacing. The Prosecutor objected, relying on an oral argument he had recently made before this Court in *Weber v. State*.[2] After hearing the proffer, the trial judge refused to instruct the jury on offensive touching and suggested that offensive touching required proof of the additional element of annoyance or alarm to the victim. The jury convicted Parker, a habitual offender, of second-degree robbery. The trial judge sentenced him to five years at Level Five imprisonment, and six months of Level Three supervised probation.

### Discussion

We review a trial judge's denial of a requested jury instruction *de novo* to determine whether: "(i) the instruction was available as a matter of law and, if so (ii) whether the evidence presented at trial supported a conviction on the lesser included offense."[3] The trial judge is not obligated to instruct the jury on a lesser-included offense "unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense."[4]

"A defendant is entitled to an instruction on a lesser included offense if there is any evidence fairly tending to bear upon the lesser included offense, however weak that evidence may be."[5] The trial judge's failure to instruct the jury regarding a lesser offense is not reversible error per se.[6]

The State prematurely relied upon its oral argument before us on January 21, 2009. After argument, we held in *Weber v. State*[7] that offensive touching is a lesser-included offense of Robbery and does not require proof of annoyance or alarm to the victim. Even before *Weber*, *Herring v.*

---

2. 971 A.2d 135 (Del.2009).

3. *Weber*, 971 A.2d at 141 (citing *Wright v. State*, 953 A.2d 144, 148–49 (Del.2008)).

4. *Id.* at 142 (quoting 11 *Del. C.* § 206(c)).

5. *Id.* (citing *Bentley v. State*, 930 A.2d 866, 875 (Del.2007)).

6. *Id.* at 143.

7. 971 A.2d 135, 141 (Del.2009)

*State.*[8] listed the lesser-included offenses of robbery in the first degree: Robbery in the second degree, theft, menacing, offensive touching, and attempt to commit any of the those crimes. Both decisions hold that offensive touching is a lesser offense of robbery as a matter of law.

 Having determined that offensive touching is a lesser included offense of robbery as a matter of law, we turn to whether the evidence presented at trial supported a conviction on the lesser-included offense. "A person is guilty of offensive touching when the person intentionally "touches another person either with a member of his or her body or with any instrument ... or strikes another person with saliva, urine, feces or any other bodily fluid, knowing that the person is thereby likely to cause offense or alarm to such other person."[9]

At trial, Rodriguez testified that Parker struck him after demanding his money and Parker testified that he struck Rodriguez after he "got in his face." Although Rodriguez and Parker dispute the underlying reason for the blow, Parker concedes that he struck Rodriguez.

It is the jury's task to determine whose factual story about the reason for the blow is more credible. If the jury did not find Rodriguez's version credible, they could have found that the State failed to prove beyond a reasonable doubt that Parker intended to take Rodriguez's money. Failure to satisfy that burden negates a conviction of second-degree robbery. If the jury had found Parker's testimony credible, they could have found that Parker intentionally and offensively touched Rodriguez but did not intend to take anything from Rodriguez. That finding would support a conviction of offensive touching.

### Conclusion

Because facts in the record support the crime of offensive touching, and offensive touching is a lesser included offense of robbery as a matter of law, there is sufficient evidence on the record to support an acquittal of Second-degree robbery and a conviction of offensive touching. Therefore, we reverse the judgment of conviction and remand for a new trial.

---

**8.** 805 A.2d 872, 875 n. 6 (Del.2002) (citing the 1973 Criminal Code with commentary).

**9.** *Weber,* 971 A.2d at 141 n. 4.