IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID L. ELDER, | § | |
| | § | No. 61, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1512017983 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 28, 2018
Decided: December 3, 2018

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

**O R D E R**

This 3rd day of December 2018, it appears to the Court that:

(1)    Defendant David Elder was convicted of (i) rape in the first degree; (ii) rape in the second degree during the commission of a crime; (iii) first degree burglary; and (iv) wearing a disguise during the commission of a felony.[1]  On appeal, the sole issue he raises is that the State was grossly negligent by failing to first investigate whether a camera system at his home recorded the kitchen on the night of the rape and then preserve that evidence.  Elder claims that the surveillance video the State failed to preserve would have not shown Elder placing a key to his victim's

---

[1] Opening Br. at 5.

home into his wife's purse, contrary to the State's theory of the case. As a result of this failure to collect and preserve this evidence, Elder argues that the jury should have been instructed, under *Deberry*,[2] "that the missing evidence would have been exculpatory."[3]

(2) We have reviewed the record carefully and find no error in the Superior Court's refusal to grant Elder's request for a *Deberry* instruction on this ground.[4] The Superior Court found that the State had no duty to seek out this evidence because the evidence was not at the crime scene and the police knew only that some type of surveillance system was in the home, but they did not know if it recorded.[5] That finding is supported by the record.[6] The surveillance tapes that Elder contends would have existed for 30 days were ones on a system that he said existed in his own home.

---

[2] *Deberry v. State*, 457 A.2d 744 (Del. 1983).

[3] *Lolly v. State*, 611 A.2d 956, 961 (Del. 1992).

[4] "This Court reviews *de novo* the Superior Court's denial of a requested jury instruction." *Gutierrez v. State*, 842 A.2d 650, 651 (Del. 2003) (citing *Lunnon v. State*, 710 A.2d 197, 199 (Del. 1998)).

[5] App. to Answering Br. at B115–19 (Argument on *Deberry* Issue and Ruling).

[6] *See id.* at B31 (Trial Testimony of Detective Rowley) ("Q: Was there any time later that you discovered that the home had security cameras? A: Not that evening. I do not recall a time that evening that I was aware that there was security cameras, no. Q: Has it come to your attention now that there was security cameras in the residence. A: Yes. Q: Are you aware that there was a security camera within the kitchen. A: I was not aware of that until today."); *id.* at B46–47 (Trial Testimony of Officer Schiazza) ("Q: Did you happen to notice when you were going down this hallway right here? A: I don't recall. I wasn't focusing on a camera, if that's what that is. Q: Now looking at it, does that look to be what that is, a security camera right there? A: I can't tell. Q: But when you were at the house, you didn't notice it, did you? A: I don't recall. Q: How long were you in the house? A: Probably an hour or so. Q: Were the lights on in the house? A: They were. Q: Did you notice any other security cameras in the house? A: That wasn't my focus of that evening."); *id.* at B53 (Trial Testimony of Trooper Harmon) ("Q: When you came to the residence, did you happen to notice this red sign at the entry right here? A: I don't remember it, sir. It's bene a while.").

But, it was not until after his first trial that Elder made the State aware of the system's recording capabilities. Not only was Elder's home not the scene of the alleged crime, but Elder was the person uniquely positioned to bring this to the State's attention in a timely manner. The State does not have a duty to seek out exculpatory evidence,[7] and the Superior Court did not err by finding that the State was not negligent by failing to identify that Elder's own home had a security system and that the system might have films relevant to an alleged crime that occurred at a different location.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[7] *Powell v. State*, 49 A.3d 1090, 1101 (Del. 2012) ("[T]he duty to *preserve* exculpatory evidence does *not* include a duty to *seek out* exculpatory evidence.") (emphasis in original).