JOSE CABRERA, Defendant Below-Appellant,
v.
STATE OF DELAWARE Plaintiff Below-Appellee.
No. 252, 2007
Supreme Court of Delaware.
Submitted: May 7, 2008.
Decided: July 8, 2008.
Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS, and RIDGELY, Justices, constituting the Court en Banc.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 8th day of July 2008, upon consideration of the briefs of the parties and their contentions at oral argument, it appears to the Court that:
(1) Defendant-Appellant Jose Cabrera appeals his Superior Court conviction, by jury trial, of Second Degree Unlawful Sexual Contact. Cabrera makes two arguments on appeal. First, he argues that under the facts of this case, the Superior Court erred in instructing the jury on the concept of transferred intent, under 11 Del. C. § 262.[1] Second, he argues that the Superior Court erred in denying the cross-examination of the complaining witness's use of anti-depressant medication. We find no merit to his arguments and affirm.
(2) At Cabrera's trial, the victim testified that on August 5, 2003, she spent the night at the home of her best friend, the defendant's daughter, along with another girl. The victim was fifteen years old at the time of the incident and during the summer of 2003, often spent the night at the Cabrera home.
(3) The victim testified that after she finished watching a movie with her friends, she went to sleep in the room of her friend's younger brother. She awoke when she felt someone standing over her and rubbing her pubic area. That person left and she went back to sleep. Some time later, the person returned, this time locking the door. The room was dark and she was unable to identify the person; however, she said she could tell that it was an older man. The man got into bed with her, rubbed her pubic area again, kissed her, attempted to take off her shirt, and felt her breasts. She then jumped out of the bed, unlocked the door, and went to a nearby bathroom, where she stayed for about an hour.
(4) After collecting her thoughts, the victim went to her friend's room and asked if her father was the only man in the house. Her friend began to cry. The victim and the other girl who spent the night then left the Cabrera residence and went to the home of their basketball coach. The coach contacted the victim's parents, and soon after, the victim reported the incident to the police.
(5) When questioned by the police about the incident and at trial, Cabrera admitted to entering the bedroom that night, but that he thought the victim was his daughter and merely kissed her on her forehead. He denied having any sexual intentions or sexual contact. Cabrera was indicted on the charge of Second Degree Sexual Contact under 11 Del. C. § 768, which provides: "A person is guilty of unlawful sexual contact in the second degree when the person intentionally has sexual contact with another person who is less than 16 years of age or causes the victim to have sexual contact with the person or a third person."[2]
(6) Defense counsel objected to giving this charge to the jury because evidence was not submitted as to Cabrera's daughter's age, i.e. whether or not she was over the age of sixteen.[3] During the jury's deliberations, the jury sent a note to the court, requesting clarification. The note states:
Our question has to do with the third part of the charge, first count, defendant acting intentionally. If we feel that the defendant intended to have sexual contact with the person, but had the identity of the person wrong, is it okay to consider this as fulfilling the requirement of the charge?
(7) Although Cabrera had testified that he thought it was his daughter in the bed, defense counsel objected on the basis that there was no evidence his daughter was under sixteen. The State responded that mistake of age would not have been a defense for that element of the crime. The court gave the jury an instruction on transferred intent.[4]
(8) During trial, Cabrera also attempted to question the victim about her use of anti-depressants and how her memory is affected by the medication. On voir dire, the victim testified that her memory was not affected by the medication. Cabrera sought to have the victim testify about the effect of her medication before the jury so it could decide whether her testimony was true. The Superior Court denied this request because there was no expert to testify as to the possible side affect of anti-depressant medication on one's memory. Cabrera was found guilty of both counts of Unlawful Sexual Contact Second Degree. This appeal followed.
(9) On appeal, Cabrera argues that under the facts of this case, the Superior Court erred in instructing the jury on the concept of transferred intent, under 11 Del. C. § 262. Cabrera contends that the Superior Court should have given a jury instruction based upon mistake of fact, rather than transferred intent. Here, the trial judge gave the instruction over defense counsel's objection and without any request. Our review is de novo.[5]
(10) In the first argument, Cabrera argues that the jury "sought legal guidance on their factual conclusion that the defendant was mistaken as to the identity of the person to whom he touched in the first incident" and "more appropriately should have been instructed on the concept of mistake of fact. . . ." The issue before us is not whether a mistake of fact instruction was applicable, because counsel did not request it.[6] Rather, it is whether it was error for the trial judge to give the transferred intent instruction under the facts of this case.
(11) Under 11 Del. C. § 262, "[t]he element of intentional or knowing causation is not established . . . unless the actual result differs from that intended or contemplated, . . . only in the respect that a different person . . . is injured or affected. . . ."[7] Here, the victim testified that the defendant came in and engaged in a non-consensual sexual encounter. The defendant testified that he came in and merely kissed who he thought was his daughter on the head and moved her exposed leg back under the cover. He denied any sexual contact. In the light most favorable to the State, the jury could have believed both the defendant (in part; that he came in, thinking it was his daughter) and the victim's testimony that he engaged in such contact with her. Based upon this evidence, a transferred intention instruction was appropriate. The instruction was properly given to establish the knowledge element.
(12) Second, Cabrera argues that the Superior Court erred in denying the cross-examination of the victim's use of anti-depressant medication and her ability to recall events after such use. He contends that where the subject matter is within the scope of common experience, expert testimony is not required.[8] This Court reviews rulings on the admission of evidence for abuse of discretion.[9]
(13) This issue arose in the context of defense counsel asking the victim: "In the year 2003 prior to this happening, had you been treated by a psychologist or psychiatrist?" The prosecutor immediately objected. At sidebar, the trial judge noted that she "almost fell off the seat when you brought this up. This is something that I would expect you would clear with me before you just drop it in the courtroom." Defense counsel proffered that he was attempting to show that the medication taken by the victim may have affected her mental faculties.
(14) The trial judge questioned the relevance, but permitted limited voir dire of the victim on this point. During voir dire, she admitted that she was on anti-depressant medication at the time of the crime, but testified that it did not impair her ability to perceive or recollect in any way. Cabrera argues that he should have been allowed to argue to the jury that despite her testimony, the fact that she took medication could have affected her sensory and observation skills. The trial judge denied this line of questioning because there was no medical expert to lay a factual foundation for the argument.
(15) On appeal, Cabrera argues that the jury should have been permitted to draw its own inferences on the effect of the victim's prescription. While over-the-counter drugs may have certain side effects within the scope of common experience, Cabrera has not shown that the side effects of the victim's prescribed medication are within the knowledge of the average juror. A trial judge may "impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant."[10] Following voir dire, the trial judge acted well within his discretion in denying Cabrera's request to cross-examine the victim on the effects of any medicine she had taken without a proffer of a qualified expert to testify on the effect of the prescribed medication.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] 11 Del. C. § 262 provides that:

The element of intentional or knowing causation is not established if the actual result is outside the intention or the contemplation of the defendant unless:
(1) The actual result differs from that intended or contemplated, as the case may be, only in the respect that a different person or different property is injured or affected or that the injury or harm intended or contemplated would have been more serious or more extensive than that caused; or
(2) The actual result involves the same kind of injury or harm as the probable result and is not too remote or accidental in its occurrence to have a bearing on the actor's liability or on the gravity of the offense.
[2] 11 Del. C. § 768.
[3] Although not stated explicitly, the record suggests that Cabrera's daughter was 16 years old on the date of the incident.
[4] The Superior Court gave the following instruction on transferred intent from 11 Del. C. § 262:

The element of intentional or knowing causation is not established if the actual result is outside the intentional or contemplation of the defendant unless the actual result differs from that intended or contemplated, as the case may be, only in the respect that a different person or different property is injured or affected or that the injury or harm intended or contemplated would have been more serious than that caused.
[5] See Wright v. State, ___ A.2d ___, 2008 WL 343638, at *2 (Del. 2008) ("If the court determines that in light of the evidence presented the requested instruction is not available under the relevant statute, on appeal a question of law is presented: did the trial court, in determining the litigant's entitlement to a jury instruction, properly apply the relevant statutory provision to the facts at bar?").
[6] The defense strategy here was to deny sexual contact. Counsel may have opted not to request the instruction as a matter of reasonable trial strategy and we find no plain error with this decision. See generally Czech v. State, 945 A.2d 1088, 1097 (Del. 2008) ("Counsel's failure to object to the admission of improper evidence does not bar plain error review unless the party consciously refrains from objecting as a tactical matter, in which case the issue is waived and not reviewable.").
[7] 11 Del. C. § 262.
[8] See Lewis v. State, 416 A.2d 208, 209 (Del. 1980) ("The probable physical injury resulting from an assault with a knife is not a matter beyond the comprehension of non-experts, and the testimony on this issue was not improper even though it touched on an issue to be decided by the jury. Opinion testimony of a non-expert nature was permissible on this issue."). See also D.R.E. 701:

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.
See also D.R.E. 702:
If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.
[9] Mathis v. State, 907 A.2d 145, 2006 WL 2434741, at *2 (Del. Supr.); Wein v. State, 882 A.2d 183, 189 (Del. 2005); Hardin v. State, 844 A.2d 982, 987 (Del. 2004).
[10] Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986); Snowden v. State, 672 A.2d 1017, 1025 (Del. 1996).