Stephanie ROBERTSON, Defendant Below–Appellant,

v.

STATE of Delaware, Plaintiff Below–Appellee.

No. 315, 2011.

Supreme Court of Delaware.

Submitted: Jan. 24, 2012.
Decided: March 20, 2012.

24. *Id.* at *1.

Bernard O'Donnell, Esquire, of the Office of the Public Defender, Wilmington, Delaware for Appellant.

Timothy Donovan, Esquire, of the Department of Justice, Wilmington, Delaware for Appellee.

Before BERGER, JACOBS, and RIDGELY, Justices.

RIDGELY, Justice:

Defendant–Below/Appellant Stephanie Robertson appeals from her Superior Court convictions for Assault Second Degree, Possession of a Deadly Weapon During Commission of a Felony, and Possession of a Deadly Weapon by a Person Prohibited. Robertson raises two claims on appeal. First, Robertson contends that the Superior Court erred by giving the jury an unwarranted flight instruction and that the instruction was a comment on the evidence in violation of Article IV, Section 19 of the Delaware Constitution. Second, Robertson contends that the Superior Court erred by refusing to instruct the jury on the included offense of Assault Third Degree. We find no merit to Robertson's appeal and affirm.

### Facts and Procedural History

The charges against Robertson arose out of a fight between Robertson and Brenda Herd in the parking lot of a Wilmington apartment complex. Herd was intoxicated and had come to the parking lot that evening to look for drugs. Herd testified that after a car pulled up to her and someone yelled out her name, she approached the car and saw Robertson, an acquaintance, in the passenger's seat. Jason Pita was in the driver's seat. As Herd leaned against the passenger door, she felt Robertson tug on her arm. Herd then began swinging her arms at Robertson, after which Herd realized that her arms had been cut and that she was bleeding heavily. Herd sprayed the car with her blood. She then walked to a friend's house for help. Herd later received emergency care for significant blood loss due to a cut artery outside of her wrist.

Robertson testified that Herd was screaming at her and jumping on the hood of the car before their physical encounter. Robertson had an open double blade knife in her hands. She testified that she always kept the open knife with her in that neighborhood and that she held her hands up to defend herself but did not thrust the knife at Herd. Robertson said she did not realize that Herd had been cut until she saw Herd's blood. Pita testified that Herd had antagonized Robertson and tried to drag her out of the car. Pita did not know how Herd had been cut and did not see Robertson's knife until they had left the parking lot.

After the incident, Pita and Robertson drove to a car wash. They did not call the police. Robertson later saw warrants on the internet for her arrest, but she did not immediately turn herself in.

Robertson was arrested and charged with Assault First Degree, Possession of a Deadly Weapon During Commission of a Felony, and Possession of a Deadly Weapon by a Person Prohibited. After a jury trial, she was convicted of the included offense of Assault Second Degree and the weapon offenses. This appeal followed.

### Analysis

■■■ This Court reviews *de novo* a trial judge's decision to give a jury instruction over the defendant's objection.[1] We also review *de novo* a trial judge's refusal to instruct the jury on a defense theory in any form.[2] In this case, the Superior Court instructed the jury as follows:

> Now, in this case, the State contends that the defendant evaded arrest and took flight after committing the charged offense. Evidence of evasion of arrest and flight is admissible in a criminal case as the circumstances tending to show consciousness of guilt. You may consider any such evidence for this limited purpose only. You may not consider[ ] evidence of evasion of arrest or flight as proof that the defendant is a bad person and therefore probably committed the offense.

> The evidence of evasion of arrest or flight, if proved, may be considered by you in light of all other facts proved. Whether or not such evidence shows consciousness of guilt and the significance to be attached to such evidence are matters solely for your determination.

1. *Coles v. State*, 959 A.2d 18, 25 (Del.2008) (citing *Cabrera v. State*, 2008 WL 2668805, at *2 (Del. July 8, 2008)).

2. *See Wright v. State*, 953 A.2d 144, 148 (Del. 2008) (overruling *Staats v. State*, 902 A.2d 1125 (Del.2006); *McNally v. Eckman*, 466 A.2d 363 (Del.1983)).

■ Robertson first contends that a flight instruction was not warranted by the evidence. This Court has held that a flight instruction is proper "where there is evidence of flight or concealment and the evidence reasonably supports an inference that defendant fled because 'of a consciousness of guilt and a desire to avoid an accusation based thereon, or for some other reason. . . .' "[3]

Robertson's challenge to the instruction lacks merit. There was significant evidence of flight. Robertson testified that she and Pita left the scene after realizing Herd was cut, that they did not call the police, and that she did not turn herself in after learning that there was an outstanding warrant for her arrest. Robertson further testified that as they drove away she feared she would go to jail. This evidence reasonably supports an inference that Pita fled or evaded arrest because of "a consciousness of guilt." On the facts of this case, a flight instruction was appropriate.

■ Robertson next challenges the propriety of flight instructions generally, contending that they violate the Delaware Constitution. Article IV, Section 19 of the Delaware Constitution states that "[j]udges shall not charge juries with respect to matters of fact, but may state the questions of fact in issue and declare the law."[4] In interpreting this provision, we have explained:

Trial judges may properly combine a statement regarding a fact in issue with a declaration of the law. Trial judges may not, however, comment on the facts in their charge to the jury. An improper comment or charge on matters of fact is an expression by the court, directly or indirectly, that may convey to the jury the court's estimation of the truth, falsity or weight of testimony in relation to a matter at issue. However, a trial judge may explain the legal significance which the law attaches to a particular factual finding.[5]

The Superior Court's instruction on flight was not a comment on the evidence in violation of Article IV, Section 19. Robertson's conduct after the fight, including her own testimony, was a sufficient basis for the jury to find evasion or flight. The instruction properly explained the legal significance of the evidence of evasion of arrest and flight. Moreover, the Superior Court expressly limited the use of that evidence by instructing: "[e]vidence of evasion of arrest or flight, if proved, may be considered by you in light of all other facts proved. Whether or not such evidence shows consciousness of guilt and the significance to be attached to such evidence are matters solely for your determination."

This Court has repeatedly upheld the propriety of flight instructions where there is evidence of flight supporting an inference that defendant fled out of consciousness of guilt.[6] The majority of state and

3. *Thomas v. State*, 467 A.2d 954, 958 (Del. 1983) (citing *Tice v. State*, 382 A.2d 231, 233 (Del.1977)).

4. Del. Const. art. IV, § 19.

5. *Capital Management Co. v. Brown*, 813 A.2d 1094, 1100 (Del.2002) (internal citations and quotations omitted).

6. *See Thomas*, 467 A.2d at 958 (holding flight instruction appropriate where defendants ran from police); *Staats*, 902 A.2d at 1129 (finding evidence supported instruction where witnesses saw defendant running from crime scene shortly after murder) (*overruled on other grounds by Wright*, 953 A.2d at 148); *Johnson v. State*, 312 A.2d 630, 632 (Del.1973) (holding "better rule" is to permit jury to consider evidence of flight as tending to show consciousness of guilt).

federal jurisdictions also hold a flight instruction is proper in such cases.[7] Although a minority of states hold that flight instructions should not be given,[8] Robertson has not shown good reason for this Court to depart from its precedents and the majority rule.

 Finally, Robertson contends that the Superior Court erred by refusing to instruct the jury on the included offense of Assault Third Degree. A defendant is entitled to a jury instruction on a lesser-included offense "if the crime not charged is in fact a lesser-included offense, and if there is a rational basis in the evidence to convict the defendant of the lesser crime rather than the greater."[9] Assault Third Degree is a lesser-included offense of Assault Second Degree. The only difference between the offenses for purposes of this case is the defendant's state of mind. Assault Second Degree requires proof of recklessness or intent[10] while Assault Third Degree requires only proof of criminal negligence.[11]

To find a defendant criminally negligent, the jury must find that she "fail[ed] to perceive a risk" and that such failure "constitute[d] a gross deviation from the standard of conduct that a reasonable person would observe in the situation."[12] Here, such a finding would be inconsistent with Robertson's defense of justification, which requires an intentional or reckless mental state. Robertson suggests on appeal that the jury could have found her criminally negligent in that "she failed to perceive that Brenda Herd was not herself armed with a knife in the darkness of the interior of the vehicle" where the attack occurred. But neither Robertson nor Pita testified that they suspected that Herd was armed with any type of weapon. Thus, there was no rational basis in the record to convict Robertson of the lesser crime rather than the greater.[13] Accordingly, the Superior Court did not err by refusing to instruct the jury on Assault Third Degree.

### Conclusion

The judgment of the Superior Court is **AFFIRMED.**

---

7. *Thompson v. State*, 393 Md. 291, 901 A.2d 208, 217–19 (2006) (collecting cases and declining to hold that flight instructions are *per se* improper). *See also State v. Celaya*, 135 Ariz. 248, 660 P.2d 849, 858 (1983) (reaffirming that jury instruction on flight does not constitute unconstitutional comment on evidence); *State v. Abraham*, 338 N.C. 315, 451 S.E.2d 131, 157 (1994) (holding flight instruction did not express opinion of trial court where instruction told jurors they were judges of weight of evidence).

8. *See Thompson*, 901 A.2d at 219 (collecting cases.

9. *Miller v. State*, 893 A.2d 937, 948 (Del. 2006).

10. 11 *Del. C.* § 612(a).

11. 11 *Del. C.* § 611.

12. 11 *Del. C.* § 231(a).

13. *See Miller*, 893 A.2d at 948.