IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARL R. RHOADES, | § | |
| | § | No. 201, 2016 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID. No. 1408009170 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: November 16, 2016
Decided: November 30, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 30th day of November, 2016, having considered the briefs and the record below, it appears to the Court that:

(1)    A Superior Court jury convicted Carl R. Rhoades of drug dealing heroin, aggravated possession of heroin, and related offenses. At trial, the State asked Officer Patrick Stock about the extent of his involvement in the case after he arrested Rhoades. Officer Stock testified that he could not remember the person he spoke with or who refused to give a statement. Rhoades objected to the testimony as violative of his Fifth Amendment right against self-incrimination and moved for a mistrial. The Superior Court denied the motion, reasoning that the Officer had not specifically referred to Rhoades in his testimony. The Superior Court also

offered to give a curative instruction, which Rhoades declined. On appeal, Rhoades argues that the Superior Court abused its discretion when it refused to grant a mistrial after Officer Stock's testimony. He also argues, and the State agrees, that the Superior Court erred when it failed to merge the aggravated possession and drug dealing charges. For the reasons set forth below, we affirm the court's denial of a mistrial, but remand for resentencing.

(2) On August 11, 2014, Rhoades parked his car at the Royal Farms on Old Baltimore Pike in New Castle County. Rhoades left his car and walked toward the store's entrance. Usef Dickerson and Julius Williams were parked in the lot in a Dodge Magnum. Dickerson was driving the Magnum and Williams was sitting in the passenger's seat. Williams left the car and walked with Rhoades toward an unoccupied Buick Lacrosse. Dickerson drove away in the Magnum while Williams and Rhoades sat in the Lacrosse for several minutes. Rhoades returned to his car and drove away. Williams drove away in the Lacrosse.

(3) Detective Eric Huston of the Delaware State Police had been conducting surveillance of the Royal Farms parking lot and found the circumstances suspicious. He radioed for back up and followed Williams' car. He stopped Williams for a traffic violation and found over $500 in cash. Officers who heard Officer Huston's radio call stopped Dickerson. As one of the officers approached him, Dickerson fled. The officers were able to catch Dickerson, and

arrested him. They found a Ziploc bag containing multiple bags of heroin in the grass nearby, labeled "blue stamp."

(4) At the same time, officers attempted to stop Rhoades. Rhoades sped away from police. Officer Jeffrey Gliem saw Rhoades throw a bag from his window and notified the recovery team of his location. Rhoades reached a dead end and fled on foot. Officers Gliem and Stock pursued Rhoades and arrested him. Officer Gliem found a Ziploc bag containing 4.74 grams of heroin in the grassy area near where Rhoades threw the bag. Most of the heroin packets in the Ziploc bag contained a "blue stamp" marking.

(5) The State charged Rhoades with drug dealing heroin, aggravated possession of heroin, conspiracy second degree, disregarding a police officer's signal, resisting arrest, driving a vehicle while license suspended or revoked, disregarding a red light, driving the wrong way on one-way street, driving at an unreasonable speed, and failure to provide proof of insurance. During trial, the prosecutor asked Officer Stock if he "did [ ] anything else that night or was that the end of your involvement?"[1] Officer Stock responded, "I believe I interviewed someone, but I don't remember which, according to my notes I would have [to look to see what defendant I interviewed [and] who didn't want to give statements."[2]

---

[1] App. to Opening Br. at 18.
[2] Id.

(6)     At sidebar, Rhoades moved for a mistrial.  The Superior Court denied Rhoades' motion for a mistrial because Officer Stock did not directly implicate Rhoades as the defendant who refused to give a statement, and the jury was aware of co-defendants through previous testimony.  Further, the Superior Court offered to give a curative instruction several times.  Rhoades repeatedly refused the curative instruction and asked the Superior Court to "leave it alone" because he did not want to draw the jury's attention to it.

(7)     After a two-day trial, a Superior Court jury acquitted Rhoades of conspiracy second degree, but found him guilty of all remaining charges.  The State moved to sentence Rhoades as an habitual offender.  On April 8, 2016, the Superior Court granted the motion.  The Superior Court sentenced Rhoades to six years unsuspended Level V incarceration, followed by decreasing levels of supervision and fines.  This appeal followed.

(8)     Rhoades first argues that the Superior Court abused its discretion when it denied his motion for a mistrial following Officer Stock's comment about someone refusing to give statements.  This Court reviews a trial court's decision to deny a mistrial for abuse of discretion.[3]  A trial judge has discretion to grant a mistrial because he "sits in the best position to determine the prejudicial effect of an unsolicited response by a witness on the jury."[4]  A mistrial should only be

---

[3] *Pena v. State*, 856 A.2d 548, 550 (Del. 2004).
[4] *Id.* at 551.

granted in cases "where there is manifest necessity or the ends of public justice would be otherwise defeated."[5] This Court will uphold a trial judge's decision to deny a mistrial unless the decision was based on "unreasonable or capricious grounds."[6]

(9)    "The right to remain silent is derived from the Fifth Amendment's privilege against self-incrimination."[7] The State is not permitted to comment on a defendant's assertion of the right to remain silent.[8] But not "every reference to the exercise of the right to remain silent mandates reversal."[9] To determine whether an unsolicited comment about the defendant's assertion of the right to remain silent requires a mistrial, this court looks to the four factor test set forth in *Pena v. State*.[10] The factors include: (1) the nature and frequency of the conduct or comments; (2) the likelihood of resulting prejudice; (3) the closeness of the case and (4) the sufficiency of the trial judge's efforts to mitigate any prejudice in determining whether a witness's conduct was so prejudicial as to warrant a mistrial.[11]

(10)    Here, the *Pena* factors do not weigh in favor of a mistrial. Officer Stock's comment was isolated, unsolicited, and did not directly implicate Rhoades.

---

[5] *Id.* at 552 (internal quotations omitted).
[6] *Revel v. State*, 956 A.2d 23, 27 (Del. 2008).
[7] *Id.* (citing *Miranda v. Arizona*, 384 U.S. 436, 442 (1966)).
[8] *Shantz v. State*, 344 A.2d 245, 246-47 (Del. 1975) (citing *Griffin v. California*, 380 U.S. 609 (1965)).
[9] *Shantz*, 344 A.2d at 246-47 (citing *People v. Key*, 522 P.2d 719, 721 (Colo. 1974)).
[10] 856 A.2d at 552.
[11] *Id.* at 551-52.

Second, the potential prejudice to Rhoades was minimal. Officer Stock did not specifically state that Rhoades refused to give a statement, and the jury was aware through previous testimony that there were co-defendants. Further, Rhoades chose not to testify at trial. Thus, "it was obvious that he was asserting his right to remain silent about [the] allegations."[12]

(11) Third, this was not a close case. Officers saw Rhoades, Williams, and Dickerson acting suspiciously outside of Royal Farms. When officers stopped Williams, they recovered over $500 in cash. The officers also saw Rhoades throw a bundle of heroin out of his car while fleeing from the officers. Most of the bags were marked "blue stamp." The same marking was located on heroin found in the bag that Dickerson threw out of his window. The State also presented evidence that Rhoades fled from police. The jury could reasonably infer Rhoades' guilt from these actions.[13] Finally, Rhoades refused the trial judge's curative instruction because he did not want to draw the jury's attention to the comment. Because Rhoades declined the curative instruction, this factor weighs against a mistrial.[14]

---

[12] *Revel*, 956 A.2d at 27.

[13] *See Robertson v. State*, 41 A.3d 406, 409-410 (Del. 2012) (explaining that evidence of evasion of arrest and flight "may be considered by [the jury] in light of all other facts proved. Whether or not such evidence shows consciousness of guilt and the significance to be attached to such evidence are matters solely for [the jury's] determination.").

[14] *See Snipes v. State*, 2015 WL 1119505, at *3-4 (Del. March 12, 2015) (Table) (stating that a defendant "cannot challenge the reasonableness of his defense counsel's strategy" on direct appeal and the fourth *Pena* factor weighs in favor of the State when the defense refuses a curative instruction)).

The Superior Court did not abuse its discretion when it denied Rhoades' motion for a mistrial.

(12) Rhoades next argues that the Superior Court erred when it failed to merge the drug dealing and aggravated possession of heroin charges. The State agrees that these charges should have merged. Under 16 *Del. C.* § 4766 and principles of Double Jeopardy, aggravated possession is a lesser included offense of drug dealing, requiring that the two crimes be merged for sentencing.[15] Accordingly, we remand to the Superior Court for resentencing.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED in part, REVERSED in part, and REMANDED to the Superior Court for further proceedings consistent with this Order. Jurisdiction is not retained.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[15] 16 *Del. C.* § 4766. ("[A] defendant may be convicted under any 1 of the following respective sections . . . (1) the lesser-included offenses under § 4752 [drug dealing] are §§ 4753 [aggravated possession] . . . ."); *see also Blockburger v. United States*, 284 U.S. 299, 304 (1932) (where same act or transaction violates two distinct statutes "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.").