STATE OF IOWA, Appellee, v. WILLIAM J. FRIAR, Appellant.

**HOMICIDE:** Instructions—Defining "Accident." Ordinarily there is
1 no occasion for the court, in presenting to the jury the issues in
homicide, to define the term "accident."

**HOMICIDE:** Instructions—Accidental Killing. Instructions must be
2 considered as a whole on the question whether the court properly
presented defendant's claim of accidental homicide.

Headnote 1: 16 C. J. p. 966. Headnote 2: 16 C. J. p. 1049.

Headnote 1: 13 R. C. L. 934.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

JULY 1, 1927.

REHEARING DENIED OCTOBER 1, 1927.

Indictment for murder in the second degree. The jury re-
turned a verdict finding defendant guilty of manslaughter, and
judgment imposing sentence duly followed.—*Affirmed.*

*Wilson & Shaw, Tom K. Murrow,* and *Hobert S. Dawson,*
for appellant.

*John Fletcher,* Attorney-general, *Earl F. Wisdom,* Assist-
ant Attorney-general, and *Vernon R. Seeburger,* County Attor-
ney, and *Loy Ladd,* Assistant County Attorney, for appellee.

FAVILLE, J.—The facts in the case are practically without
conflict. The defendant, together with the decedent, one Stewart,
and a man named Stover, in the afternoon of the 29th day of
September, 1925, drove to the farm of one Smith, near the village
of Grimes, in Polk County. Smith joined the party. There was
drinking. A woman later joined the party, and in the afternoon
they all drove to Des Moines. Stover was under the influence of
liquor, and was placed in bed in a hotel. The other members of
the party returned to the Smith farm, and were there in the
evening. There was drinking going on, and contentions and

quarreling. It appears that Mrs. Smith ordered Stewart to leave the place, and he went from the house and got into a car. Some remark was made at the time to the appellant that Stewart was going to summon an officer, or "get the law." Appellant started out, apparently in quest of Stewart, who, at the time, was in the car. Some controversy arose between appellant and decedent. There is evidence to the effect that appellant called Stewart a coward, and that he hit at Stewart while the latter was in the car. Stewart got out of the car and started up the road, appellant following him. Appellant's contention is that he thought Stewart was going to hit him with a bottle which he had in his hand, and that appellant pushed Stewart, who lost his balance and fell and struck his head on a gatepost, resulting in his death. There is evidence tending to show that appellant had been drinking, and was abusive, and that he was angry. The record discloses a drunken brawl, the outcome of which was the death of Stewart, as the result of a blow or push administered to him by the appellant.

I. The appellant predicates error upon the claim that the court did not sufficiently instruct the jury on the question of accidental killing. The contention is without merit. The court instructed the jury to the effect that one of the

1. HOMICIDE: instructions: defining "accident."

defenses of appellant was that the decedent came to his death as the result of an accident, and explicitly charged the jury that this was not an affirmative defense, and that the burden was upon the State to satisfy the jury beyond a reasonable doubt that the decedent did not come to his death as the result of an accident, in order to warrant a conviction.

Complaint is made that the court did not, in more explicit terms, define the word "accident." Cases may arise where the questions involved are such that it would be the duty of the court to instruct specifically as to the proper definition of a word or phrase, but such is not the situation in the case at bar. The defendant was charged with the crime of murder in the second degree. His defense was that the death of the decedent resulted from an accident. The court carefully and explicitly instructed the jury upon each and all of the essentials of the crime charged and of the offenses included therein. In order for the jury to have found the defendant guilty of any one of these offenses, it

would have been necessary for them to have found that the death of the decedent did not result from an accident, but from an unlawful act on the part of the appellant, with the essential elements to make the act criminal. Under the situation disclosed by this record, the jury could not have failed to understand their duty in the matter. The word "accident" has such a well known and generally understood meaning, as applied to a situation such as was disclosed in the instant case, that, in view of the instructions of the court as a whole, there could have been no prejudicial error resulting to the appellant by the failure of the court to instruct more explicitly. The instruction given by the court was in almost the identical language of a request by the appellant. There was no error at this point.

II. Appellant predicates error upon the refusal of the court to strike the testimony of the witness Jack Smith. The evidence was material and competent. The motion to strike was properly overruled.

III. Complaint is made that the defense of accidental killing was not referred to in certain instructions regarding the included offenses. It is a familiar rule that the instructions are to 2. HOMICIDE: be considered as a whole. The court cannot, in instructions: a case of this character, embody the various accidental kill- ing. propositions of law involved in the case in a single paragraph that shall cover every essential question to be submitted to the jury. Such an instruction would, of necessity, be involved, and undoubtedly misleading. When the instructions are considered as a whole, as they must be, the contention of the appellant is without merit.

IV. Appellant challenges the sufficiency of the evidence to support the verdict. The record presented a case for the consideration of the jury. The defendant's theory that the death of Stewart was the result of an accident was properly submitted to the jury. There is slight conflict in the evidence. The fact question was one peculiarly within the province of the jury, and their conclusion has sufficient support in the record.

Upon the entire case, we find no error warranting interference on our part, and the judgment of the district court must be, and it is,—*Affirmed.*

EVANS, C. J., and STEVENS, VERMILION, and KINDIG, JJ., concur.