**Gibson A. HALL, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Jan. 12, 1981.

Decided June 15, 1981.

Eugene J. Maurer, Jr. (Argued), Wilmington, for defendant below, appellant.

Alan B. Levin (Argued) and Michael Foster, Deputy Attys. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and QUILLEN and HORSEY, JJ.

QUILLEN, Justice:

Appellant Gibson A. Hall, defendant below, appeals from his Superior Court convictions of murder in the first degree and possession of a deadly weapon during the commission of a felony. The jury was instructed as to the first offense that it could return a lesser included verdict of murder in the second degree, manslaughter or criminally negligent homicide as well as guilty as charged or not guilty.

Defendant shot and killed his mother, Anna Watson, on July 16, 1979. She was shot between the eyes, just to the right of

the bridge of her nose. The doctor performing the autopsy testified that, based on the "stippling", or gunpowder burns, present on the victim's skin, the gun was probably fired within six inches of her face. Although the characterization is denied by the defendant, witnesses testified that he and his mother were quarreling before the gun was fired. More specifically, one witness stated that he heard the defendant say, "I'll kill you. I'll kill you now;" just before the gun went off. The defendant testified that while he was involved in a discussion with his mother, the handgun which he had obtained from his upstairs bedroom closet, accidentally discharged.

Thus, the defense was accident.[1] The defendant contends that the jury instructions were inadequate because the Trial Court did not explain that: (1) the evidence concerning accident, if believed, would negate both the voluntariness of defendant's act and the states of mind required for criminal culpability; and (2) did not relate the concept of reasonable doubt with the defense of accident.

The State contends that a jury instruction on accident was not required since such requirement exists only if the Court finds "that a reasonable juror might believe that evidence." 11 *Del.C.* § 302(b). While, given the statutory definitions of the degrees of homicide,[2] this latter issue is not free from doubt, on the facts of this case, we understand from the Trial Judge's remarks that he thought some instruction was appropriate. In particular, the Trial Judge expressly relied on *Ward v. State*, Del.

Supr., 366 A.2d 1194 (1976), a case in which this Court found that an instruction on accident was appropriate. We yield to his discretion in this regard, especially in light of the criminal nature of the case and this State's strong policy favoring submission of factual issues to the jury.

■ We acknowledge that the Trial Judge's instructions were something less than perfect. Compare, e. g., the instructions in *State v. Morgan*, N.C.Supr., 299 N.C. 191, 261 S.E.2d 827, 838 (1980). It would have been preferable to define accident consistent with and in contrast to the various degrees of statutory homicide being charged. Unlike the proposed prayer offered by the defendant, it seems to us that a proper definition should be tailored to our statute and particularly to our homicide law. But we find that, when read as a whole,[3] and coupled with the circumstances of this trial, the instructions given here were not fatally defective. The most relevant portion of the instructions is as follows:

"I have instructed you that an element of the offense charged and included offenses is that the defendant acted with a given state of mind, namely, intentionally, knowingly, recklessly or with criminal negligence. It is, of course, difficult to know what is going on in another person's mind. Therefore, the law permits the jury to draw an inference or, in other words, to reach a conclusion about a defendant's state of mind from the facts

---

1. Although accident is not expressly a "defense" in the Delaware Criminal Code because it is not defined in Chapter 4 of Title 11, or by any other statute, see 11 *Del.C.* § 303(a), evidence of accident may be produced "to negate the existence of any element of the offense" charged. 11 *Del.C.* § 302(b). "[I]f the court finds that a reasonable juror might believe that evidence, the defendant is entitled to a jury instruction that the jury must consider whether the evidence raises a reasonable doubt as to the defendant's guilt." *Id.* "[T]here is no burden on [the defendant] other than that of raising a reasonable doubt, and his evidence may be viewed, if believed, as raising such a doubt." Delaware Criminal Code with Commentary, § 302, 60 (1973).

2. The Court here charged with respect to criminal negligence: "A person acts with criminal negligence with respect to death when he fails to perceive or recognize that there is a risk that death will result from his conduct. The risk must be of such a nature and degree that the defendant's failure to perceive it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in a situation."

3. When examining an instruction for error, it is to be considered as a whole. *Jenkins v. State*, Del.Supr., 305 A.2d 610, 617 (1973); *Cloud v. State*, Del.Supr., 154 A.2d 680, 684 (1969).

**1260**

and circumstances surrounding the act charged against the defendant. In reaching this conclusion, you may consider whether a reasonable man in the defendant's circumstances would have had or lacked the required state of mind. You should, however, keep in mind at all times that it is the defendant's state of mind that is at issue here, and in order to convict the defendant you must find beyond a reasonable doubt that he, in fact, acted with the state of mind required for the offense under consideration, as explained in these instructions. The defendant contends that the shooting was accidental.

You must consider whether the evidence raises a reasonable doubt as to whether the defendant, by his voluntary act, brought about the death of Anna V. Watson, which would not have happened but for the defendant's act.

You must also consider whether the evidence raises a reasonable doubt as to the existence of the state of mind required for the offense in question, that is, whether the defendant acted intentionally, recklessly or with criminal negligence. You must acquit the defendant if you find that the evidence raises a reasonable doubt as to the defendant's guilt."

The language above, we believe, adequately explains that reasonable doubt as to defendant's state of mind or voluntariness of his act "must" result in an acquittal, and implicitly by its posture in the charge, that the defense of accident, if believed, could negate either or both the culpable state of mind and the voluntariness of the act. The failure to define accident, which definition, as noted above, would have been preferable, caused no prejudice in this case.[4] The jury could not fail to understand the accident contention of the defendant, which was emphasized throughout the trial. Accident is a commonly-used concept with a generally-accepted meaning,[5] which in this context

was obviously the antithesis of the acts and states of mind which characterize the various degrees of homicide. The instructions given to the jury, when considered in light of the circumstances of this trial, were adequate and caused the defendant no prejudice.

 Appellant next argues that he should not have been sentenced consecutively on both charges under this Court's opinions in *Hunter v. State*, Del.Supr., 420 A.2d 119 (1980) and *Evans v. State*, Del.Supr., 420 A.2d 1186 (1980). Under this Court's most recent pronouncement in those cases, after their remand from the United States Supreme Court, the argument is without merit. *Hunter v. State*, Del.Supr., 430 A.2d 476 (1981); *Evans v. State*, Del.Supr., 430 A.2d 481 (1981).

The judgment of the Superior Court is affirmed.

---

**4.** A failure to define terms is not reversible unless prejudicial. 75 Am.Jur.2d § 701 (1974); C. Torcia, 4 Wharton's Criminal Procedure, § 536 (12th ed. 1976).

**5.** See *State v. Shriver*, Mo.Supr., 275 N.W.2d 304, 309 (1955); *State v. Frair*, Iowa Supr., 204 Iowa 414, 214 N.W. 596, 597 (1927).