IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRYAN BROCHU, | § | |
| | § | No. 329, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1006001378 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 7, 2015
Decided: February 19, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 19th day of February 2016, upon careful consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) In 2011, the appellant, Bryan Brochu, pled guilty to Assault in the First Degree and Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF"). This appeal is from the Superior Court's opinion dated May 26, 2015, denying Brochu's motion for postconviction relief under Superior Court Criminal Rule 61.[1] On appeal, the State has filed a motion to affirm on the

---

[1] *State v. Brochu*, 2015 WL 3429945 (Del. Super. May 26, 2015).

ground that it is manifest on the face of Brochu's opening brief that the appeal is without merit. We agree and affirm the Superior Court's judgment.

(2) On June 2, 2010, Brochu and Gregory Walters, a co-worker, were drinking at McGlynn's Pub in Newark, Delaware. Both men were intoxicated when they became involved in a fight in the parking lot. Walters was larger than Brochu and apparently got the better of him. After others separated the two men, Brochu got into his truck and drove to the far end of the parking lot. He was "doing donuts," and then turned, accelerated, and headed straight for Walters, who was standing by his truck. Brochu was going about 44 miles per hour when he hit Walters, and sent him flying 50 feet into the air.[2] Walters was seriously injured and suffered brain damage rendering him permanently disabled and unable to work.[3]

(3) Brochu was indicted for Attempted Murder in the First Degree, PDWDCF, Driving Under the Influence of Alcohol, and other offenses. In February 2011, Brochu agreed to plead guilty to Assault in the First Degree, as a lesser-included offense of attempted murder, and to PDWDCF. In return, the State agreed to enter a *nolle prosequi* on the other charges in the indictment. The parties agreed to a presentence investigation and to open sentencing.

---

[2] *Brochu v. State*, 2012 WL 566770, at *1 (Del. Feb. 21, 2012).
[3] *Id.*

(4) During the guilty plea colloquy, the Superior Court recited the charges in the plea agreement. For the assault charge, the Superior Court stated:

> Under the plea agreement, as was just explained, the first charge to which you are pleading guilty now says [that] . . . on June 2, 2010 . . . , you recklessly engaged in conduct that created a substantial risk of death to Gregory Walters and that caused serious injury to Walters[.][4]

The court then asked, "[D]id you do that?" and Brochu answered, "Yes, sir."[5]

Also, Brochu acknowledged that he was pleading guilty to Assault in the First Degree and PDWDCF because he was, "in fact, guilty of them."[6]

During the plea colloquy, the Superior Court also made sure that Brochu understood that he faced from two to twenty-five years in prison for each offense in the plea agreement. The transcript reflects the following:

> THE COURT: The assault charge carries a penalty from 2 to 25 years in prison, same thing for the deadly weapon charge.[7]
>
> * * *
>
> That means you are facing a sentence of from 4 to 50 years in prison, total. The State hasn't said what it's going to recommend. The [sentencing] guidelines are 2 to 5 years on each charge. The Court, however, is not bound by the guidelines or the State's recommendation,

---

[4] Hr'g Tr. at 3-4 (Feb. 7, 2011).
[5] *Id.* at 4.
[6] *Id.* at 5.
[7] *Id.* at 6-7.

3

whatever it is.  When you are sentenced, you could receive up to 50 years in prison[.][8]

When the Superior Court asked Brochu, "[D]o you understand all that?' Brochu answered, "Yes, Your Honor."[9]  And when the court asked Brochu if he understood "that from the moment the plea is accepted today it will be almost impossible for you to back out of it[,]" Brochu answered "Yes."[10]  Finally, when the court asked Brochu if he was satisfied with the work his Trial Counsel had performed for him as his lawyer, Brochu again answered, "Yes, sir."[11]

(5)    At sentencing on April 29, 2011, Brochu's Trial Counsel asked for leniency, urging the Superior Court to consider that the injuries to Walters were the result of "an accident, albeit caused by a drunken reckless person," and that Brochu had not "deliberately struck" Walters.[12]  In support of his request, Trial Counsel submitted a collection of medical records, photographs, witness' statements, and a 911 tape, which the Superior Court agreed to review after sentencing.

The Superior Court sentenced Brochu to a total of seventeen unsuspended years in prison, fifteen years for assault and two years for PDWDCF.  At the

---

[8] *Id.* at 7.
[9] *Id.*
[10] *Id.*
[11] *Id.* at 8.
[12] Sentencing Tr. at 22 (April 29, 2011).

4

conclusion of the sentencing, the Superior Court reiterated that it would review the materials submitted by Trial Counsel and "give a fresh look at today's sentence."[13]

(6)     Several days after sentencing, Brochu filed a motion for reduction of sentence.  The motion incorporated the materials submitted at sentencing and argued that a sentence reduction was warranted because:  (i) Walters was partly to blame for his injuries because he too had been drinking and had provoked the fight; (ii) Walters was injured when he suddenly and unexpectedly ran in front of Brochu's truck; (iii) Brochu was remorseful, as evidenced by his actions following the collision; (iv) Brochu had strong community support; (v) the current sentence effectively robbed Brochu's children of their father during their childhood; and (vi) Brochu had taken steps to deal with a substance abuse problem caused by prescription pain medication.

(7)     On June 16, 2011, the Superior Court granted the motion for reduction of sentence and imposed a modified sentence that reduced the prison term for assault from fifteen years to twelve years.  A few weeks later, the Superior Court amended the sentence again when it vacated a prior order to pay restitution.

(8)     Under the sentencing guidelines:

> The standard sentence range is presumed to be appropriate for the typical criminal case.  The court may impose a sentence outside the standard sentence range for

---

[13] *Id.* at 32.

5

that offense if it finds that there are substantial and compelling reasons justifying an exceptional sentence.[14]

(9)     Brochu filed an appeal from the June 16, 2011 modified sentence. On appeal, Brochu argued that the sentence order was illegal because it listed "excessive cruelty" as an aggravating factor.[15]  According to Brochu, the Superior Court's use of excessive cruelty as an aggravating factor was not supported by a minimum indicia of reliability because, as he had demonstrated in the materials submitted at sentencing and in the sentence reduction motion, he had not deliberately injured Walters and had shown remorse.

This Court disagreed noting, in its February 21, 2012 Order, that "[t]he problem with this argument is that other facts support the conclusion that Brochu acted intentionally."[16]  The Court then affirmed the modified sentence order, including excessive cruelty as an aggravating factor, as follows:

> The trial court was not required to accept Brochu's self-serving claim that the collision was an accident.  There was reliable evidence from which the trial court could have concluded that Brochu, in a drunken rage, drove straight at Walters.  Brochu's willingness to endanger Walters in that fashion justifies a finding of excessive cruelty.  The trial court acted within its discretion in imposing sentence.[17]

---

[14] Delaware Sentencing Accountability Commission ("SENTAC") Benchbook 132 (2016).

[15] When used as an aggravating factor at sentencing, "excessive cruelty" is defined as "[t]hose facts surrounding the commission of a violent felony which demonstrate such a callousness and cruelty towards the victim as to shock the conscience of the Court."  SENTAC Benchbook 133.

[16] *Brochu v. State*, 2012 WL 566770, at *1.

[17] *Id.*, at *2.

6

(10)   In February 2013, Brochu filed a *pro se* postconviction motion raising the following ten grounds for relief:  (1) error in this Court's Order affirming the modified sentence order; (2) involuntary guilty plea due to the ineffective assistance of Trial Counsel; (3) involuntary guilty plea due to a defective plea colloquy; (4) cumulative prejudicial effect of the errors identified in the first three grounds for relief; (5) ineffective assistance of Trial Counsel during presentencing and sentencing; (6) illegal sentence; (7)  disproportionate sentence; (8) ineffective assistance of Trial Counsel when reviewing the evidence; (9) prosecutorial misconduct due to a *Brady* violation; and (10) cumulative prejudicial effect of the errors identified in grounds four through nine.  In May 2013, the Superior Court asked Trial Counsel to respond to one of the allegations of ineffective assistance of counsel.[18]  And in September 2013, the Superior Court appointed counsel to assist Brochu in presenting colorable claims for postconviction relief.

(11)   After reviewing the record and finding no grounds for postconviction relief, Postconviction Counsel filed a motion to withdraw.[19]  In the motion to withdraw, Postconviction Counsel addressed the claims for relief in the postconviction motion and explained why he had concluded that the claims were

---

[18] The Superior Court asked Trial Counsel to respond to the claim that his failure to hire an accident reconstruction expert was ineffective assistance.

[19] *See* Del. Super. Ct. Crim. R. 61(e)(2) ("If counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw.").

without merit. The State then filed a response to the postconviction motion, and the State and Brochu filed responses to the motion to withdraw. Over the course of the proceedings, Brochu also filed two motions to expand the record, a motion for appointment of new counsel, and a letter requesting a stay of the proceedings.

(12) On May 26, 2015, the Superior Court issued an opinion granting the motion to withdraw and denying the postconviction motion and related motions.[20] The Superior Court concluded that four claims, including the claim that this Court erred when affirming the modified sentence order, were procedurally barred under Rule 61, and that the other six claims, including the ineffective assistance of counsel and involuntary guilty plea claims, were all without merit.[21] This appeal followed.

(13) On appeal, Brochu argues that the Superior Court erred when denying his motion for postconviction relief. He contends that the procedurally-barred claims warranted review under exceptions to the bars, which the Superior Court failed to apply, and that the ineffective assistance of counsel, involuntary guilty plea, and cumulative error claims, demonstrated prejudicial error justifying the granting of postconviction relief.

(14) We affirm the Superior Court's judgment on the basis of the court's well-reasoned opinion dated May 26, 2015. After carefully considering the

---

[20] *State v. Brochu*, 2015 WL 3429945.
[21] *Id.*

8

parties' positions on appeal and the record, we conclude that the Superior Court did not abuse its discretion or commit an error of law when granting the motion to withdraw and denying the motion for postconviction relief and related motions.[22]

(15) In his postconviction motion, Brochu claimed that this Court erred when it affirmed the modified sentence order based, in part, on facts in the record supporting a conclusion that he had "acted intentionally."[23] The Superior Court concluded that the claim was procedurally barred under Rule 61(i)(4).[24] We agree.

In all of its forms, whether based on reckless conduct or intentional conduct, Assault in the First Degree is a violent felony[25] for which excessive cruelty can be considered as an aggravating factor justifying a departure from the sentencing guidelines.[26] In this case, Brochu pled guilty to Assault in the First Degree based on reckless conduct. The Court did not hold otherwise in its Order affirming the modified sentence order. The Court concludes that the Order offers no new legal or factual developments warranting reconsideration of Brochu's sentencing claim in the interest of justice.[27]

---

[22] This Court reviews the denial of postconviction relief for abuse of discretion and questions of law *de novo*. *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[23] *Supra* note 16.

[24] *See* Del. Super. Crim. R. 61(i)(4) (2013) (providing that "[a]ny ground for relief that was formerly adjudicated . . . is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice"). The Court notes that the Superior Court properly applied the version of Rule 61 in effect in 2013 when Brochu filed his postconviction motion.

[25] 11 *Del. C.* § 4201(c); SENTAC Benchbook 38.

[26] Benchbook at 133.

[27] Del. Super. Ct. Crim. R. 61(i)(4).

(16) To the extent Brochu argues that the Superior Court violated a sentencing guideline because the court failed to state the aggravating factor "for the record" during the sentencing hearing,[28] his claim is without merit. It is well-settled that a deviation from the voluntary and non-binding sentencing guidelines is not a basis to vacate a sentence that is within statutory limits.[29]

(17) The Court notes Brochu's considerable efforts in support of leniency, based, in part, on his contention that Walters' injuries were the result of "an accident." Evidence of accident, if believed, can negate a culpable state of mind.[30] But if Brochu had wanted to argue accident in defense of the charges against him, he should have gone to trial. By pleading guilty to Assault in the First Degree, Brochu agreed that he recklessly engaged in conduct that caused serious injury to Walters.

(18) At the end of the guilty plea colloquy, the Superior Court asked Brochu if he was "satisfied that entering this plea is a knowing, voluntary and intelligent thing you are doing."[31] Brochu responded, "I believe it's in my best

---

[28] SENTAC Benchbook 132 ("When an exceptional sentence is decreed, the governing factor(s) leading to the exceptional sentence must be stated for the record, and should be identified in the sentencing order or on the sentencing worksheet.").

[29] *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992).

[30] *Wright v. State*, 953 A.2d 144, 149 (Del. 2008) (citing *Hall v. State*, 431 A.2d 1258, 1260 (Del. 1981)).

[31] Hr'g Tr. at 8.

10

choice, yes."[32]   Absent clear and convincing evidence to the contrary, Brochu is bound by this and his other representations during the guilty plea colloquy.[33]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[32] *Id.*

[33] *Palmer v. State*, 2002 WL 31546531 (Del. Nov. 13, 2002) (citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997)).

11