# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                      |     |                      |
|----------------------|-----|----------------------|
| STATE OF DELAWARE    | )   |                      |
|                      | )   |                      |
| v.                   | )   | ID No. 88004234DI    |
|                      | )   |                      |
| GIBSON A. HALL       | )   |                      |
|                      | )   |                      |
| Defendant.           | )   |                      |

## ORDER

This 2nd day of August, 2019, having considered Defendant's "Motion to Reopen Interlocutory Judgment and/or Relief from Judgment or Order Pursuant to Superior Court Civil Rule 60(b)(6)," the State's Response, Defendant's Reply, and the record of this case, Defendant's Motion is **DENIED**.

It appears that:

1.     In 1979, Gibson Hall (the "Defendant") was convicted, after a jury trial, of First Degree Murder and Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF"). In 1980, he was sentenced to Life Imprisonment plus five years at Level V.

2.     In 1981, his conviction was affirmed on direct appeal by the Delaware Supreme Court.[1]   In 1987, 2008, and 2013, Defendant filed Motions for

---

[1] *Hall v. State*, 431 A.2d 1258 (Del. 1981) ("Direct Appeal").

Postconviction Relief which were all denied by the Superior Court, and each of those denials were affirmed by Delaware Supreme Court.[2]

3. On May 22, 2018, Defendant filed a Motion for Transcripts in order to support a prospective fourth motion for postconviction relief. Defendant sought transcripts of the statements at trial, the sentencing hearing, and the denial of a motion for a new trial.[3] His Motion failed to plead with particularity either: (1) the existence of new evidence that creates a strong inference of actual innocence or (2) a new rule of retroactively applicable constitutional law that renders his conviction invalid. This Court denied Defendant's Motion, pursuant to Superior Court Criminal Rule 61(d)(2).[4]

4. Defendant appealed the denial of his Motion for Transcripts. On August 17, 2018, citing *Davis v. State*,[5] the Delaware Supreme Court dismissed

---

[2] *Hall v. State*, 1989 WL 27783 (Del. 1989); *Hall v. State* 2009 WL 0348118 (Del. 2009); *Hall v. State*, 2014 WL 44922 (Del. 2014). Defendant's Petition for a Writ of Habeas Corpus was denied in 1993. He also sought a pardon in 2003.

[3] The Superior Court denied his motion pursuant to Superior Court Criminal Rule 61(d)(2).

[4] Superior Court Criminal Rule 61(d)(2) states:
Preliminary consideration.
  Second or subsequent postconviction motions. -- A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:
(i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
(ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

[5] *Davis v. State*, 2014 WL 4243634 (Del. Aug. 26, 2014).

Defendant's appeal on the grounds that the denial of a request for transcripts (to support a contemplated Rule 61 motion) was an interlocutory order and, therefore, it lacked jurisdiction to consider that appeal.[6] On September 4, 2018, the Delaware Supreme Court denied Defendant's Motion for Rehearing *en Banc*.[7]

5. On November 29, 2018, Defendant filed a "Motion to Reopen Interlocutory Judgment and/or Relief From Judgment."[8] Defendant alleges that he is without recourse, because the denial of the Motion for Transcripts is not a final order and thus, constitutes extraordinary circumstances.[9]

6. The Court deems Defendant's pleading to be a Motion for Reconsideration of its denial of his Motion for Transcripts. Defendant's stated

---

[6] *Hall v. State*, 2018 WL 3993440 (Del. Aug. 17, 2018).

[7] *Hall v. State*, Del. Supr., No. 363,2018, *en banc* (Sept. 4, 2018) (ORDER).

[8] Super. Ct. Civ. R. 60 states in pertinent part:
  (b) Mistake; inadvertence; excusable neglect; newly discovered evidence; fraud, etc. -- On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. A motion under this subdivision does not affect the finality of a judgment or suspend its operation.

[9] On January 14, 2019, Defendant supplemented his filing with a pleading seeking to "renew" his Motion to Reopen Inerlocutory Judgment and/or Relief from Judgment.

3

purpose for his request for transcripts is so that he can "prepare and file a motion for postconviction relief" which he claims is permissible pursuant to Criminal Rule 61(d). He suggests, without providing any details or proffered evidence, that there is newly discovered evidence that would support his prospective fourth postconviction motion.

7.    In support of the Motion to Reopen and/or Relief from Judgment, Defendant attached selected correspondence from 1991 through 2018. Most of the correspondence are from Defendant's attorneys to the Department of Justice and the Public Defender's Office requesting or communicating about records and documents to be utilized in his sentence commutation proceeding before the Board of Pardons.[10]

---

[10] His submissions include a May 2018 email from an out-of-state attorney, Stephen Patrizio, Esquire, to the Delaware Attorney General's Office which states that the Attorney General (Matthew Denn, Esquire) "specifically promised [to provide witness statements and transcripts]" however, [Mr. Patrizio] "had to get the Notes of testimony myself, at my client's expense even though it is clear by your response that you [the Attorney General's Office] are in possession of the trial transcript and the whole file." In that email, Mr. Patrizio also wrote that the Board of Pardons recommended commutation of Defendant's sentence. Defendant's attachments also include a 1991 letter between the Public Defender's Office and the Defendant referencing unspecified requests from Defendant and a 2003 letter from his deceased trial attorney, Joseph M. Bernstein, Esquire, to the Public Defender's Office requesting to review the Public Defender's Office file – specifically a ballistics report that was not put into evidence – because Defendant seeks a sentence commutation and the Board of Pardons wanted information concerning his conviction for intentional murder. Also attached was Mr. Bernstein's 2003 letter to Defendant, which enclosed a copy of the ballistics report, trial testimony of the ballistics expert, testimony of Dr. Ingnito of the Medical Examiner's Office, and a copy of the plea offer to manslaughter that Defendant had rejected. Defendant also included a 2016 letter to Defendant from Mr. Patrizio which included unspecified trial testimony notes and informed Defendant that Mr. Patrizio is attempting to get the February 1980 post-verdict hearing notes. Defendant also submitted a May 2018 letter from Mr. Patrizio to Defendant, which included Mr. Patrizio's email correspondence with the Delaware Department of Justice in which he sought transcripts or copies of 911 calls and a neighbor's statement taken by a detective. Mr. Patrizio also wrote that he had previously seen the investigative files but they were taken by the Attorney General's Office so that portions could

4

8. On February 28, 2019, the State filed a Response in Opposition to Defendant's Motion. On March 14, 2019, Defendant submitted a Reply.

9. Defendant apparently seeks official Court transcripts as well as the records (loosely referred to as "transcripts") of witness interviews compiled by the Attorney General's Office. To the extent that Defendant moves the Court for police/DAG investigation notes and memoranda of police interviews *for commutation purposes*, (all of which Mr. Patrizio has referred to as "transcripts"), those items are not official court records and are not within the Court's possession. Indeed, Mr. Patrizio represents Defendant in the commutation process and not in connection with any prospective postconviction relief. Hence, his requests were aimed solely at obtaining records and information to be utilized before the Board of Pardons.

10. To the extent that Defendant seeks official court records in order to file another Rule 61 motion for postconviction relief from his conviction, Defendant has not shown that another Rule 61 motion would not be barred. His stated purpose continues to be vague, lacks particularity, and fails to support any exception that would overcome a bar to successive motions.

---

be redacted. In that correspondence, Mr. Patrizio mentioned that the Defendant had filed two prior pardon applications.

Accordingly, the Defendant's "Motion to Reopen Interlocutory Judgment and/or Relief from Judgment or Order Pursuant to Superior Court Civil Rule 60(b)(6)" is **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:    Daniel B. McBride, Esquire, Deputy Attorney General
       Gibson Hall, *Pro Se* Defendant