IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GIBSON HALL, | § | |
| | § | |
| Defendant Below, | § | No. 366, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID. No. 88004234DI |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  November 18, 2019
Decided:  January 7, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Gibson Hall, filed this appeal from the Superior Court's denial of his Motion to Reopen Interlocutory Judgment and/or Relief from Judgment or Order Pursuant to Superior Court Civil Rule 60(b)(6).  The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Hall's opening brief that the appeal is without merit.  We agree and affirm.

(2)     The record reflects that, in 1979, Gibson was convicted of Murder in the First Degree and Possession of a Deadly Weapon During the Commission of a

Felony. He was sentenced to life imprisonment plus five years of Level V incarceration. This Court affirmed his convictions on direct appeal.[1] This Court also affirmed the Superior Court's denial of his motions for postconviction relief.[2]

(3) In May 2018, Hall filed a motion for transcripts, at State expense, of counsel's opening arguments at trial, his sentencing, and his motion for a new trial so that he could have documentation for postconviction relief. The Superior Court denied the motion, finding that Hall's motion was vague and did not suggest that Hall could satisfy the requirements of Superior Court Criminal Rule 61(d)(2).[3] Hall filed a notice of appeal, which this Court dismissed as interlocutory.[4]

(4) Hall then filed a Motion to Reopen Interlocutory Judgment and/or Relief from Judgment or Order Pursuant to Superior Court Civil Rule 60(b)(6) in November 2018 and January 2019. Hall contended that the denial of his motion for transcripts should be reopened so that the Superior Court could enter a final judgment. He attached correspondence over the last thirty years reflecting requests for various documents from his case and for commutation proceedings. As

---

[1] *Hall v. State*, 431 A.2d 1258 (Del. 1981).

[2] *Hall v. State*, 2014 WL 44022 (Del. Jan. 2, 2014); *Hall v. State*, 2009 WL 234118 (Del. Feb. 2, 2009); *Hall v. State*, 1989 WL 27783 (Del. Mar. 3, 1989).

[3] Under Rule 61(d)(2), a second or subsequent motion for postconviction relief will be summarily dismissed unless the movant pleads with particularity new evidence that creates a strong inference of actual innocence or a new rule of constitutional law made retroactive that renders the movant's conviction invalid.

[4] *Hall v. State*, 2018 WL 3993440, at *1 (Del. Aug. 17, 2018) ("The denial of a motion for transcripts is not appealable as a final order before entry of a final judgment on a motion for postconviction relief.").

requested by the Superior Court, the State responded to Hall's motion and argued that nothing had changed since the original denial of his motion for transcripts. Hall filed a reply and a motion to amend or serve supplemental pleadings, which the Superior Court granted. In his supplemental pleadings, Hall made new claims regarding the destruction of evidence, reargued the merits of his direct appeal and his previous motions for postconviction relief, and sought dismissal of the indictment and his release from prison.

(5) The Superior Court subsequently docketed an email indicating that the Superior Court judge had discovered a conflict upon further review of the record and that the matter would be reassigned to a new judge. On August 2, 2019, a different Superior Court judge denied Hall's motion, finding that he sought documents outside of the court's possession and that to the extent he sought court records, he had not shown that he could overcome the Rule 61 procedural bars. This appeal followed.

(6) Based on Hall's attacks on his convictions in the proceedings below, we conclude that the Superior Court order on appeal is final. In his opening brief, Hall argues that the Superior Court erred in denying his motion because: (i) his convictions and sentence were unconstitutional as a result of missing police statements, transcripts of counsel's opening statements at trial, and a certified copy of his sentencing order; (ii) he was entitled to certified court records for his commutation proceedings; (iii) he was not informed of the Superior Court judge's

3

determination that there was a conflict of interest or the reasons for that determination. These claims are without merit.

(7)     First, Hall could not use Superior Court Civil Rule 60(b)(6) to attack his convictions or to reopen the denial of his motion for transcripts.[5] "Superior Court Criminal Rule 61 provides the exclusive remedy for setting aside a judgment of final conviction."[6] As the Superior Court recognized, Hall did not offer anything to suggest that he could plead with particularity new evidence creating a strong inference that he is actually innocent or a new rule of constitutional law that is retroactive and renders his convictions invalid as required by Rule 61(d)(2) to avoid summary dismissal.

(8)     As to Hall's claim that he was entitled to certified court records, including his sentencing order, for his commutation proceedings, Hall did not raise this claim below so we review for plain error.[7] There is no plain error here. Unlike in *Powell v. State*[8] where the defendant had moved in the Superior Court to compel the production of his sentencing order for his commutation application, Hall did not

---

[5] *See, e.g., Jackson v. State*, 2007 WL 2231072, at *1 (Del. Aug. 2, 2007) (holding that the Superior Court correctly determined that neither Superior Court Criminal Rule 35(a) nor Superior Court Civil Rule 60(b) could be used to collaterally attack a criminal conviction); *Allen v. State*, 2004 WL 120527, at *1 (Del. Jan. 20, 2004) (holding that the Superior Court did not err in denying defendant's motion under Superior Court Civil Rule 60(b) for relief from the denial of his motion for transcripts in a criminal case).

[6] *Jackson*, 2007 WL 2231072, at *1. *See also* Super. Ct. Crim. R. 61(a)(2).

[7] Supr. Ct. R. 8.

[8] 2019 WL 3936223 (Del. Aug. 19, 2019).

file a motion to compel. In addition, there is no sign that a lack of certified court records prevented the Board of Pardons from reviewing Hall's application for commutation. According to the documents provided by Hall, the Board of Pardons unanimously recommended commutation of Hall's sentence, but the Governor denied his request for commutation in October 2018.

(9) Finally, to the extent that Hall contends that he was not provided with notice of the Superior Court judge's discovery of a conflict of interest and reassignment to a new Superior Court judge, we agree that he should have received notice. But Hall has not shown that he was entitled to the details of the conflict of interest or that the previous Superior Court judge, who presided over his case between 2013 and May 2019, was biased against him. The record reflects that the previous Superior Court judge handled his motions in a fair and judicious manner.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

5