IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GIBSON A. HALL, | § | |
| | § | Consol. Nos. 120, 2020 & 168, 2020 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N20M-02-024 |
| DANA METZGER, Warden, and | § | Cr. ID No. 88004234DI |
| KATHLEEN JENNINGS, Attorney | § | |
| General, | § | |
| | § | |
| Respondents Below, | § | |
| Appellees. | | |

Submitted: October 27, 2020
Decided: November 17, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

After consideration of the appellant's opening briefs, the appellee's motion to affirm, and the record below, the Court concludes that:

(1) The appellant, Gibson A. Hall, filed these consolidated appeals from the Superior Court's denial of his petition for a writ of habeas corpus and motion to alter or amend the judgment or, in the alternative, for reargument. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Hall's opening briefs that his appeal is without merit. We agree and affirm.

(2) In 1979, Hall was convicted of first-degree murder and possession of deadly weapon during the commission of a felony. The Superior Court sentenced Hall to life imprisonment plus an additional five years of Level V incarceration. This Court affirmed his convictions and sentence on direct appeal.[1] This Court also affirmed the Superior Court's denial of his motions for postconviction relief.[2]

(3) On February 3, 2020, Hall filed a petition for a writ of habeas corpus in the Superior Court. The State filed an answer and motion to dismiss the petition. The Superior Court denied the petition, finding Hall was legally detained.

(4) Hall then filed a motion to alter or amend the judgment or, in the alternative, for reargument. The Superior Court denied the motion. These appeals followed. The Superior Court subsequently denied Hall's motion for certified transcripts and records at State expense. In the order granting Hall's motion to consolidate, this Court stated that it would consider the Superior Court's denial of the motion for certified transcripts and records at State expense on appeal.

(5) In his opening briefs, Hall argues, as he did below, that he is entitled to a writ of habeas corpus because he was not present with his counsel for sentencing. He also argues that the Superior Court erred in not holding an evidentiary hearing

---

[1] *Hall v. State*, 431 A.2d 1258 (Del. 1981).
[2] *Hall v. State*, 2014 WL 44022 (Del. Jan. 2, 2014) (affirming the Superior Court's denial of Hall's third motion for postconviction relief); *Hall v. State*, 2009 WL 234118 (Del. Feb. 2, 2009) (affirming the Superior Court's denial of Hall's second motion for postconviction relief); *Hall v. State*, 1989 WL 27783 (Del. Mar. 3, 1989) (affirming the Superior Court's denial of Hall's first motion for postconviction relief).

on his petition and in denying his motion for certified transcripts and records at State expense. Finally, he raises new arguments that he did not raise below and we will not consider for the first time on appeal.[3]

(6) Under Delaware law, the writ of habeas corpus provides relief on a very limited basis.[4] Habeas corpus only "provides an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment."[5] Where the commitment is regular on its face and the court clearly had jurisdiction over the subject matter, habeas corpus does not afford a remedy to the petitioner.[6]

(7) The Superior Court did not err in denying Hall's petition and motions. Hall offered nothing to suggest that the January 4, 1980 commitment and sentencing orders were irregular on their face or that the Superior Court lacked jurisdiction to sentence him. The record is devoid of anything to support Hall's new claim—not made until more than thirty-five years after his sentencing and not raised in his direct

---

[3] Supr. Ct. R. 8. Hall's new arguments include that he was tried by a death-qualified jury in a non-capital murder case, he was denied equal protection, and he did not receive effective assistance of counsel.
[4] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).
[5] *Hall*, 692 A.2d at 891. *See also* 10 *Del. C.* § 6902(1) (providing that habeas corpus relief is not available to those who are "committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment").
[6] *Jones v. Anderson*, 183 A.2d 177, 178 (Del. 1962); *Curran v. Woolley*, 104 A.2d 771, 773 (Del. 1954).

appeal or motions for postconviction relief[7]—that he was not present with counsel for his sentencing. This belated and baseless claim did not entitle Hall to an evidentiary hearing or the preparation of certified transcripts or records at State expense.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[7] Hall was represented by counsel on his direct appeal and second motion for postconviction relief.

4