**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID No. 88004234DI |
| | ) | |
| GIBSON A. HALL | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Gibson Hall has filed his third motion under Rule 61 for postconviction relief from his 1979 conviction for Murder First Degree and a weapons offense. Like the previous two, this one will be denied.

1. A detailed history of this well-travelled case is not necessary for its resolution. Hall was convicted of intentionally shooting his mother in the head, at close range. The convictions were affirmed on direct appeal.[1]

2. His first Rule 61 motion, decided in 1988, complained about the jury instructions, the charges, a typographical error and four claims of ineffective

---

[1] *Hall v. State,* 431 A.2d 1258 (Del. 1981).

assistance of counsel.[2] That motion was denied in its entirety, which denial was also affirmed on appeal.[3]

3. His second Rule 61 motion, decided in 1998, raised newly discovered evidence and, again, ineffective assistance of counsel. All of these claims were discussed, and relief was denied.[4] The Supreme Court affirmed on the basis of Superior Court's Opinion.[5]

4. In this, his third go around, he claims primarily that he was tried without an indictment, warrant or other formal charging pleading. He claims this is "newly discovered evidence," and so the normal rules of preclusion should not apply.

5. There are several reasons why this argument is wrong, but the easiest is the factual inaccuracy that he was not indicted. Docket number One in *State v. Hall* is a copy of the "true bill" of indictment handed down by a New Castle County grand jury on August 7, 1979. While attachment of the document itself is an unnecessary appendage to this Order, as a courtesy, the Court will forward a copy of the indictment to the Defendant along with this Order denying relief.

6. To the extent the defendant raises other issues concerning his initial "commitment" and/or original warrant, they are not cognizable at this point.

---

[2] *State v. Hall*, 1988 WL 90577 (Del. Super. Aug. 24, 1988).
[3] *Hall v. State*, 560 A.2d 490 (Del. 1989).
[4] *State v. Hall*, 2008 WL 22582998 (Del. Super. May 20, 1998).
[5] *Hall v. State*, 966 A.2d 347 (Del. 1998).

Superior Court obtained jurisdiction when the Defendant was indicted. There is no doubt but that he was properly tried, convicted and sentenced, all of which has been reviewed in minute detail by numerous tribunals, all affirming the jury's verdict. The Court will not further countenance this, his (at least) third Rule 61 motion.

7. For all the reasons stated above, Hall's Motion for Postconviction Relief and Motion for Appointment of Counsel are **DENIED.**

**IT IS SO ORDERED**, this 16th day of January, 2024.

s/s Charles E. Butler
Charles E. Butler, Resident Judge

cc: Prothonotary
John W. Downs, Deputy Attorney General
Gibson A. Hall (SBI# 0011052)